UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Stark Energy, Inc.                                              Bankr. No. 24-30168

      Debtor.                                                    Chapter 11

**Objection to Motion of Debtor-In-Possession for Approval
of Post-Petition Financing Pursuant to Sections 364(c) and (d)**

COMES NOW the Acting United States Trustee (UST) through the undersigned attorney and submits this objection to the motion of the debtor-in-possession (DIP) for approval of post-petition financing pursuant to Sections 364(c) and (d) of the Bankruptcy Code (Doc. 29). In support of the objection, the UST states the following:

1. The deadline to object to the motion is listed as 14 days or June 6, 2024.

2. Subsection 364(d) requires the DIP to meet certain proof requirements before a first secured priming loan can be approved. First, the DIP must show that it has tried and failed to obtain credit on better terms, and second, it must show that lien holders who are primed will have their subordinated lien interests adequately protected. See 11 U.S.C. §364(d)(1). The DIP bears the burden of proof on adequate protection. 11 U.S.C §364(d)(2).

3. The DIP has failed to prove the §364(d) requirements.

4. The motion makes a passing reference of the efforts that the DIP made to obtain financing on better terms from other lenders but has provided no specific detail on who it approached and over what period. The DIP appears to have relied on a number of merchant credit advance loans prior to filing the petition, and the lack of success with

prior "last resort" lenders, coupled with the bankruptcy status, may create a difficult environment.

5. The motion fails to set forth the adequate protection that existing secured creditors will have for their subordinated positions. The Debtor lists property totaling $728,117.73 on Schedules A/B and secured debts totaling $4,141,268.21 on Schedule D (Doc. 27) The proposed factoring agreement proposes to offer a lien in accounts receivable; however, both Schedule B No. 11 (Doc. 27) and the small business balance sheet (Doc. 15) list accounts receivable at $0. At the Section 341 meeting held on May 31,2024, the DIP testified that accounts receivable were presently approximately $13,000 to $15,000. The Court cannot allow a lender to prime other secured creditors unless those creditors' positions are adequately protected, otherwise every debtor would simply bring in a new lender to prime the liens of existing creditors. The Debtor does not have any equity to offer adequate protection to the secured creditors and has not set forth adequate protection will be provied.

6. The motion also fails to demonstrate that the proposed financing is an exercise of sound and reasonable business judgment and is the best interest of the estate. *In re Farmland Industries, Inc*. 294 B.R. 855 (Bankr. W.D. Mo. 2003); *In re Crouse Goup, Inc*. 71 B.R. 544 (Bankr. E.D. Pa. 1987).

7. In this case, the DIP has not submitted a budget showing how the proceeds will be used and the business plan of the DIP. The most recent tax return filed by the DIP as required by Sections 1187(a) and 1116 is from 2020. The Debtor reports $202,264.70 of net income on the Profit and Loss statement at Doc. 14. However, the document appears to be missing taxes (including real estate), loan advances, and secured debt

payments. Schedule F discloses many unpaid wage claims at Doc.27. Therefore, there is no reliable financial information for parties to determine if the loan is in the best interest of the estate.

8. In the motion at paragraph 10(B), the UST objects to any superpriority claim priming the administrative expense claim of the Subchapter V Trustee and priming any proceeds from causes of action under chapter 5 of the Bankruptcy Code.

9. In the motion at paragraph 10(B), the UST objects to the request that Rivera not be subject to any charges arising under "Section 105, 506(c) or any other sections of the Bankruptcy Code" as being too broad and in violation of *Hartford Underwriters Ins. Co. v. Magna Bank N.A. (In re Hen House Interstate, Inc.)*, 150 F.3d 868, 872 (8th Cir. 1998) *reh'g granted and opinion vacated on other grounds* (Sept. 22, 1988), *on reh'g en banc*, 177 F.3d 719 (8th Cir. 1999) ("Furthermore, we believe that an agreement by a debtor and a secured creditor to prohibit the payment of § 506(c) administrative expenses from the secured creditor's collateral would operate as a windfall to the secured creditor at the expense of administrative claimants. We therefore conclude that such a provision is unenforceable.").

10. The certificate of service filed for the motion (Doc. 41), does not list the following secured creditors from Schedule D (Doc. 27): Alliance Funding Group (2.1); CHTD Company (2.3); CT Corporation System (2.5); Financial Pacific Leaning (2.6). The DIP cannot prime the secured creditors'' liens without proper notice.

WHEREFORE, the UST requests that the Court sustain her objections and grant such other relief as appropriate.

Dated: June 3, 2024

MARY R. JENSEN
ACTING U.S. TRUSTEE REGION 12

/s/ Sarah J. Wencil
Sarah J. Wencil
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth St.
Minneapolis, MN 55415
Telephone: (612) 334-1366
Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

**Stark Energy, Inc.**  **Bankr. No. 24-30168**

    **Debtor.**  **Chapter 11**

## CERTIFICATE OF SERVICE

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated:  June 3, 2024

                                              /s/ Sarah J. Wencil
                                              Sarah J. Wencil