UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Stark Energy, Inc.,<br><br>                Debtor. | Case No.: 24-30168<br><br>Chapter 11, Subchapter V |

**OBJECTION TO MOTION OF DEBTOR-IN-POSSESSION FOR APPROVAL OF POST-PETITION FINANCING PURSUANT TO SECTIONS 364(c) AND (d)**

COMES NOW Gate City Bank (the "Bank"), through the undersigned counsel, and submits this objection (the "Objection") to the Motion of the Debtor-in-Possession for Approval of Post-Petition Financing Pursuant to Sections 364(c) and (d) of the Bankruptcy Code (the "Motion"). *See generally* ECF No. 39. In support of its Objection, the Bank states the following:

1. Debtor has moved for this Court to approve financing under Section 364 of the Bankruptcy Code.

2. In pertinent part, Section 364 provides:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

    (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

    (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

    (3) secured by a junior lien on property of the estate that is subject to a lien.

(d)     (1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—

         (A)     the trustee is unable to obtain such credit otherwise; and

         (B)     there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

     (2)     In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

11 U.S.C. § 364.

3.     For a court to approve financing under Section 364, a movant bears the burden of establishing: (a) the proposed financing is an exercise of sound and reasonable business judgment; (b) no alternative financing is available on any other basis; (c) the financing is in the best interests of the estate and its creditors; (d) the credit transaction is necessary to preserve the assets of the estate; and (e) the terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender. *In re Western Pacific Airlines, Inc.*, 223 B.R. 567 (Bankr. D. Colo. 1997); *In re Phase-I Molecular Toxicology, Inc.*, 285 B.R. 494 (Bankr. D.N.M. 2002); *In re The Crouse Group, Inc.*, 71 B.R. 544 (Bankr. E.D. Pa. 1987).

4.     Debtor has failed to establish that the Motion is an exercise of sound discretion and reasonable business judgment.

5.     Debtor has failed to establish that no alternative financing is available on any other basis. Debtor claims in a conclusory manner that it "attempted to obtain credit, both secured and unsecured and financial institutions, on terms equal to or more favorable than those provided by Riviera Finance of Texas, Inc. d/b/a Riviera Finance, and those efforts were

unsuccessful." Such conclusion fails to provide evidence of what efforts were taken to obtain alternative financing, and when such efforts were taken.

6. Debtor has failed to establish the financing is in the best interests of the estate and its creditors. Debtor provides no budget or business plan informing on how any additional financing would be used. Nor does Debtor provide any adequate protection for secured creditors that would be primed under the Motion.

7. Debtor has failed to establish the credit transaction is necessary to preserve the assets of the estate. Debtor provides no budget or business plan informing on how any additional financing would be used. Nor does Debtor provide any adequate protection for secured creditors that would be primed under the Motion.

8. Debtor has failed to establish the terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender. Debtor provides no budget or business plan informing on how any additional financing would be used. Nor does Debtor provide any adequate protection for secured creditors that would be primed under the Motion.

WHEREFORE, the Bank requests that the Court sustain its objections, deny the Motion, and grant such other relief as appropriate.

Dated this 6th day of June, 2024.

**VOGEL LAW FIRM**

BY: /s/ Drew J. Hushka
    Drew J. Hushka (#08230)
    dhushka@vogellaw.com
    Caren W. Stanley (#06100)
    cstanley@vogellaw.com
    218 NP Avenue
    PO Box 1389
    Fargo, ND 58107-1389
    701.237.6983
    ATTORNEYS FOR GATE CITY BANK

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| In Re:<br><br>Stark Energy, Inc.,<br><br>                Debtor. | Case No.: 24-30168<br><br>Chapter 11 – Subchapter V |
|---|---|

## CERTIFICATE OF SERVICE

STATE OF NORTH DAKOTA    )
                                         )   SS
COUNTY OF CASS             )

      Sonie Thompson, being first duly sworn, does depose and say: she is a resident of Cass County, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

      On June 6, 2024, affiant caused the following document(s):

**OBJECTION TO MOTION OF DEBTOR-IN-POSSESSION FOR APPROVAL OF POST-PETITION FINANCING PURSUANT TO SECTIONS 364(C) AND (D)**

to be served by United States postal mail on:

***NONE***

to be served electronically on ECF participants.

                                          */s/ Sonie Thompson*
                                          Sonie Thompson

      Subscribed and sworn to before me this 62 day of June, 2024.

                                          */s/ Jill Nona*
(SEAL)                              Notary Public, Cass County, North Dakota