## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: STARK ENERGY, INC.,<br><br>                       Debtor. | Case No. 24-30168<br><br>Chapter 11 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

Regions Bank (the "Bank"), a secured creditor herein, by and through its attorneys, Crowley Fleck PLLP, moves the Court for an order granting the Bank relief from the automatic stay pursuant to 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001 and 9014 to allow the Bank to take possession of its collateral, foreclose the security interest, and dispose of its collateral.  In support of this Motion, the Bank respectfully states to the Court as follows:

1.      The Bank is the holder of a secured claim and the below-described Contract, and therefore the Bank has standing to file this Motion by virtue of its property interest in the below-described Collateral.

2.      In or about early March 2021, Debtor, as purchaser, entered into an agreement with CZM USA Corporation, as seller, regarding Debtor's purchase of a 2012 CZM EKI25 Drilling Rig (serial no. SAV0003) (the "Drilling Rig") for $350,000.00.

3.      The Bank, by and through its predecessor Ascentium Capital LLC which thereafter merged with the Bank, financed Debtor's acquisition of the Drilling Rig by financing the total amount of $427,398.00, including principal and interest accrued and payable over the entire term of the financing, to Debtor (the "Loan"). As evidence of the Loan, Debtor, as borrower, entered into Equipment Finance Agreement No. 2591868, with a

commencement date of March 11, 2021, with the Bank (the "<u>Contract</u>").

4.     Pursuant to the Contract, Debtor granted the Bank a security interest in the Drilling Rig and "all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing" (collectively, the "<u>Collateral</u>").

5.     On January 11, 2024, the District Court of the Southwest Judicial District in Stark County, North Dakota, Case No. 45-2023-CV-00916, entered an Order for Immediate Possession, wherein it ordered the Debtor to turn the Collateral over to the Bank (the "<u>Possession Order</u>").

6.     Thereafter, on January 26, 2024, the District Court of the Southwest Judicial District in Stark County, North Dakota, Case No. 45-2023-CV-00916, entered Default Judgment against Debtor (the "<u>Default Judgment</u>").

7.     Debtor is in default under the Contract by virtue of its failure to make monthly payments when due under the Contract. As of the date of the Default Judgment, Debtor was adjudicated to owe the Bank $277,826.59 with interest accruing at the Contract rate of 18.0% per annum.

8.     There is no equity present as the Possession Order recognizes that the value of the Collateral is $100,000.00.

9.     Following entry of the Possession Order, but before the filing of the instant bankruptcy case, the Bank attempted to recover possession of its Collateral pursuant to the Possession Order.  The Bank discovered the Collateral was not in the possession of Debtor, but rather held by NoDak Towing & Recovery LLC.  Attempts have been made by the Bank to recover possession of the Collateral from NoDak Towing & Recovery, but such efforts

have been rebuffed.  The Bank seeks relief from the automatic stay so that it may pursue its remedies to recover the Collateral from NoDak Towing & Recovery and ultimately dispose of such Collateral pursuant to the terms of the Possession Order, Default Judgment, and the Uniform Commercial Code.

10.    Due to Debtor's failure to comply with court order and the lack of equity in the Collateral, the automatic stay imposed by 11 U.S.C. § 362 should be lifted so that the Bank may pursue its non-bankruptcy remedies because Debtor failed to adequately protect the Bank's interest in the Collateral under 11 U.S.C. §362(d)(1).

11.    Alternatively, relief from the automatic stay is also appropriate under 11 U.S.C.§ 362(d)(2) because there is no equity in the Collateral and the Collateral is not necessary for effective reorganization of Debtor.

WHEREFORE, the Bank respectfully requests that the Court grant the Bank relief from the automatic stay pursuant to 11 U.S.C. § 362 and allow the Bank to proceed with foreclosing its interest in the Collateral.  The Bank further requests that the Court waive the fourteen-day stay provision of Fed. R. Bankr. P. 4001(a)(3) and that the order be immediately effective, and for such other and further relief as the Court deems just and proper.

DATED this 14th day of June, 2024.

CROWLEY FLECK PLLP
Attorneys for Regions Bank
P.O. Box 2529
Billings, MT  59103-2529

By:    /s/ Michael J. Klepperich
     MICHAEL J. KLEPPERICH (ND Bar ID# 09296)

## CERTIFICATE OF SERVICE

I, Michael J. Klepperich, hereby certify under penalty of perjury that I electronically filed a true and exact copy of the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification electronically to parties in interest served by the Court's CM/ECF, and by first-class mail, postage prepaid, to the following:

Stark Energy, Inc.
1860 4th Ave E
P.O. Box 748
Dickinson, ND  58602

     /s/ Michael J. Klepperich
MICHAEL J. KLEPPERICH