UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: STARK ENERGY, INC., <br><br> Debtor. | Case No. 24-30168 <br><br> Chapter 11 |

**BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

Regions Bank (the "Bank"), a secured creditor herein, by and through its attorneys, Crowley Fleck PLLP, moves the Court for an order granting the Bank relief from the automatic stay pursuant to 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001 and 9014, allowing the Bank to take possession of its collateral and exercise its state law remedies by foreclosing its security interest in the collateral, as defined below. Specifically, and additionally, the Bank seeks authorization to pursue remedies against a third party presently in possession of its collateral, so that the Bank may proceed with its state law remedies. The Bank respectfully submits this brief in support of the Motion.

**BACKGROUND**

The Bank is the holder of a secured claim and the below-described Contract and has standing to file this Stipulation by virtue of its property interest in the below-described Collateral. In or about early March 2021, Debtor, as purchaser, entered into an agreement with CZM USA Corporation, as seller, regarding Debtor's purchase of a 2012 CZM EKI25 Drilling Rig (serial no. SAV0003) (the "Drilling Rig") for $350,000.00.

The Bank, by and through its predecessor Ascentium Capital LLC which thereafter merged with the Bank, financed Debtor's acquisition of the Drilling Rig by financing the

total amount of $427,398.00, including principal and interest accrued and payable over the entire term of the financing, to Debtor (the "Loan"). As evidence of the Loan, Debtor, as borrower, entered into Equipment Finance Agreement No. 2591868, with a commencement date of March 11, 2021, with the Bank (the "Contract"). A true and correct copy of the merger documents are attached hereto as **Exhibit A**. A true and correct copy of the Contract is attached hereto as **Exhibit B**.

Pursuant to the Contract, Debtor granted the Bank a security interest in the Drilling Rig and "all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing" (collectively, the "Collateral"). The Bank perfected the security interest granted under the Contract by filing a UCC-1 financing statement with the North Dakota Secretary of State's Office as financing statement no. 21-000864059-1 on March 8, 2021 (the "Financing Statement"). A true and correct copy of the Financing Statement is attached hereto as **Exhibit C**.

On January 11, 2024, the District Court of the Southwest Judicial District in Stark County, North Dakota, Case No. 45-2023-CV-00916, entered an Order for Immediate Possession wherein it ordered the Debtor to turn the Collateral over to the Bank (the "Possession Order"). A true and correct copy of the Possession Order is attached hereto as **Exhibit D**.

Thereafter, on January 26, 2024, the District Court of the Southwest Judicial District in Stark County, North Dakota, Case No. 45-2023-CV-00916, entered Default Judgment against Debtor (the "Default Judgment"). A true and correct copy of the Default Judgment is attached hereto as **Exhibit E**.

Debtor is in default under the Contract by virtue of its failure to make monthly payments when due under the Contract. As of the date of the Default Judgment, Debtor was adjudicated to owe the Bank $277,826.59 with interest accruing at the Contract rate of 18.0% per annum. There is no equity present as the Possession Order recognizes that the value of the Collateral is $100,000.00.

Following entry of the Possession Order, but before the filing of the instant bankruptcy case, the Bank attempted to recover possession of its Collateral pursuant to the Possession Order. The Bank discovered the Collateral was not in the possession of Debtor, but rather held by NoDak Towing & Recovery LLC. Attempts have been made by the Bank to recover possession of the Collateral from NoDak Towing & Recovery, but such efforts have been rebuffed. The Bank seeks relief from the automatic stay so that it may pursue its remedies to recover the Collateral from NoDak Towing & Recovery and ultimately dispose of such Collateral pursuant to the terms of the Possession Order, Default Judgment, and the Uniform Commercial Code.

Due to Debtor's failure to comply with court order and the lack of equity in the Collateral, the automatic stay imposed by 11 U.S.C. § 362 should be lifted so that the Bank may pursue its non-bankruptcy remedies because Debtor failed to adequately protect the Bank's interest in the Collateral under 11 U.S.C. § 362(d)(1). Alternatively, relief from the automatic stay is also appropriate under 11 U.S.C.§ 362(d)(2) because there is no equity in the Collateral and the Collateral is not necessary for effective reorganization of Debtor.

**ARGUMENT**

Lifting of the automatic stay is appropriate in this case, for cause, because the Bank's

3

interest in the Collateral is not adequately protected and is presently in the possession of a third party with no right to the Collateral or that such rights are junior or subordinate to that of the Bank. The Bank maintains a right to possession of the Collateral as Debtor has failed to make payment, surrender possession of the Collateral pursuant to court order, and permitted the Collateral to be taken into possession by a third party. Alternatively, relief from the automatic stay is also appropriate because Debtor does not have equity in the Collateral, and the Collateral is not necessary for reorganization.

11 U.S.C. § 362(d) provides for relief. It reads, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization….

11 U.S.C. § 362(d). Thus, stay relief is appropriate: 1) for cause; or 2) if there is no equity in the property and the property is unnecessary for reorganization. *Id.*; *see also In re Martens*, 331 B.R. 395, 398 (8th Cir. BAP 2005). Here, stay relief is appropriate under both grounds.

  I.  **There is cause for stay relief.**

A creditor is entitled to relief from the automatic stay under 11 U.S.C. § 362(a)(1) "for cause." 11 U.S.C. § 362(d)(1). Cause is undefined in the bankruptcy code, but has been defined in the Eighth Circuit to mean "any reason whereby a creditor is receiving less than

his bargain from a debtor and is without a remedy because of the bankruptcy proceeding." *In re Martens*, 331 B.R. at 398. Under 11 U.S.C. § 362(d)(1), lack of adequate protection is cause for relief from the automatic stay. A debtor adequately protects a secured creditor's interest in property by making periodic payments in a fashion that "results in the decrease in the value of such entity's interest in the property." 11 U.S.C. § 361(1). The Eighth Circuit Bankruptcy Appellate Panel expressly noted in *In re Martens* that: "[a] creditor is entitled to relief from the automatic stay if the debtor is not making mortgage payment, and if there is insufficient equity in the property to adequately protect the creditor." *In re Martens*, 331 B.R. at 398.

Here, there is cause for stay relief because Debtor has not timely maintained their monthly payments and thus the Bank's interest in the Collateral is not adequately protected. Further, the value of the Collateral continues to decline with the passage of time and the Collateral presently in the possession of a third party jeopardizes the Bank's ability to protect its interests. As a result of the nonpayment, the continued deterioration of the value of the Collateral, and the Collateral in the possession of NoDak Towing & Recovery, the Bank is not receiving its bargained for benefit from the Debtor and does not have any means to pursue adequate remedies due to Debtor's bankruptcy. In addition to Debtor's failure to timely make all monthly payments as required, there is currently no equity in the Collateral and the Debtor's failure to make payment continues to decrease the likelihood the Bank will be able to recover what it is owed under the Contract.

Thus, the Court should grant relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1).

5

**II. Debtor has no equity in the Collateral and the Collateral is unnecessary for an effective reorganization.**

Relief from the stay is also appropriate under 11 U.S.C. § 362(d)(2). Relief from the automatic stay shall be granted if the debtor has no equity in the property and the property is not necessary for reorganization under the plan. 11 U.S.C. § 362(d)(2). Initially, the Creditor must only show a lack of equity in the property when seeking relief under 11 U.S.C. § 362(d)(2). *Bowman v. Bond (In re Bowman)*, 253 B.R. 233, 238 (8th Cir. B.A.P. 2000). "The test for determining equity under the first part of § 362(d)(2) involves a comparison between the total liens against the property and the property's current value." *Id.* (internal citations omitted). The debtor then has the burden to establish if the property is necessary for an effective reorganization. *In re Havorson,* 102 B.R. 736, 738 (Bankr. D.N.D. 1989) *citing, United Saving v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S. Ct, 626 (1988). Equity is determined by comparing the total value of liens on the property versus the property's current value. *Bowman*, 253 B.R. at 238 *citing, Nantucket Investors II v. California Federal Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 206 (3rd Cir. 1995).

Here, there is no equity in the Collateral because the Collateral's value is less than Debtor's obligations to the Bank. The outstanding balance owed to the Bank was $277,826.59 as of the date the Default Judgment was entered, with interest continuing to accrue at 18.0% per annum while the value of the Collateral is only $100,000.00 as described in the Possession Order. Additionally, it is likely the Bank will incur additional cost and expense for which Debtor would otherwise be liable pursuant to the terms of the Contract as such costs and expense are incurred in seeking the recovery of the Collateral from NoDak

Towing & Recovery. Since Debtor has no equity in the Collateral it has the burden to prove that the Collateral is necessary for an effective reorganization.

If Debtor fails to uphold its burden, the Court must grant relief from the stay to allow the Bank to take possession of the Collateral so that it can be liquidated pursuant to non-bankruptcy law.

**WHEREFORE**, the Bank respectfully requests that the Court grant the Bank relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and allow the Bank to proceed with foreclosing its interest in the Collateral. The Bank further requests that the Court waive the fourteen-day stay provision of Fed. R. Bankr. P. 4001(a)(3) and that the order be immediately effective and for such other and further relief as the Court deems just and proper.

DATED this 14th day of June, 2024.

CROWLEY FLECK PLLP
Attorneys for Regions Bank
P.O. Box 2529
Billings, MT  59103-2529


By:    /s/ Michael J. Klepperich
       MICHAEL J. KLEPPERICH (ND Bar ID# 09296)

**CERTIFICATE OF SERVICE**

      I, Michael J. Klepperich, hereby certify under penalty of perjury that I electronically filed a true and exact copy of the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification electronically to parties in interest served by the Court's CM/ECF, and by first-class mail, postage prepaid, to the following:

Stark Energy, Inc.
1860 4th Ave E
P.O. Box 748
Dickinson, ND  58602

        /s/ Michael J. Klepperich
      MICHAEL J. KLEPPERICH