THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian



# Your Application for Financing is Approved

| Finance Agreement | Prepared For | Financing Provided By |
|---|---|---|
| **2591868** | **STARK ENERGY, INC.** | **Ascentium Capital LLC** |
| | 1860 4TH AVE E | 23970 HWY 59 N |
| Prepared On March 8, 2021 | DICKINSON, ND 58601 | Kingwood TX 77339 |

Enclosed is your Finance agreement. The below instructions will help you complete your documents:

- ✓ Follow the DocuSign instructions for electronically executing and returning your finance documents
- ✓ Provide a copy of a voided business check by Email to VSR@AscentiumCapital.com or by Fax to 1-866-846-3680

## Please Complete Signor Information for ROBERT FETTIG

| Cell Phone: | 952-210-6610 | Home Phone: | |
|---|---|---|---|
| Email: | Rob.fettig@gmail.com | | |
| Federal Tax ID: | | | |
| Equipment Location: (Please update if incorrect) | 1860 4TH AVE E, DICKINSON, ND 58601  Updated address: | | |

| INVOICE AMOUNT | INVOICE DETAILS |
|---|---|
| $0.00 | Advanced Payment Amount |
| $0.00 | Processing Fee(s) |
| | |
| | |
| $0.00 | Less Money Received |
| $0.00 | **TOTAL AMOUNT DUE AT SIGNING** |

Ascentium Capital greatly appreciates your business. If you have any questions, please contact me.

Andrew Sawyers
Phone: 281.921.3817
Email: AndrewSawyers@AscentiumCapital.com.



Exhibit B

x2035



**AUTHORIZATION TO PERFORM VERBAL VERIFICATION**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

### Agreement No. 2591868

The undersigned hereby authorizes Ascentium Capital LLC to perform a verbal verification accepting the terms and conditions of the above-referenced Agreement and confirming the identification and condition of the Collateral or Equipment subject thereto.

The undersigned agrees that a facsimile or other image of this Authorization to Perform Verbal Verification, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

Person(s) Authorized to Provide Verbal Verification:

| Name: | Robert Gene Fettig | Title: | President | Phone: | 952-210-6610 |
| Name: | | Title: | | Phone: | |
| Name: | | Title: | | Phone: | |

CUSTOMER: STARK ENERGY, INC.

Signature: [DocuSigned by: 5327DE0AF1DE471...]

Printed Name: ROBERT FETTIG

Title: President    Date: 3/8/2021 | 8:08 AM PST

COPY VIEW

251-20160830

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

**ascentium CAPITAL**

# EQUIPMENT FINANCE AGREEMENT
## No. 2591868

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR: | ADDRESS | TERM: |
|---|---|---|
| STARK ENERGY, INC. | 1860 4TH AVE E DICKINSON, ND 58601 | 60 |

**PAYMENT SCHEDULE:** 60 @ $7,123.30

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC ("Secured Party") and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property (the "Supplier") and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** 2012 CZM EK125 Long Mast Drill mounted on a Caterpillar 320D

1. **Definitions:** The words "you" and "your" refer to the DEBTOR, its successors and permitted assigns, as shown above. The words "we", "us" and "our" refer to the SECURED PARTY, its successors and assigns.

2. **Acceptance; Representations & Warranties:** We agree to lend to you, and you agree to borrow from us, an amount for the financing of the Collateral. This Equipment Finance Agreement (this "EFA" or this "Agreement") has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing, collectively, the "Term". The Interim Term starts on the date of the funding of the loan evidenced by this EFA. The Initial Term starts on the billing date specified by us in our sole discretion (the "Commencement Date"). You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, the Supplier or any other person, is true, accurate, complete and not misleading.

3. **Security Interest:** You hereby grant to us a security interest under the Uniform Commercial Code ("UCC") in the Collateral and all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing. Such security interest is granted to secure payment and performance by you of your obligations hereunder. All amounts received from you under this EFA shall be applied towards your obligations to us as we determine.

4. **Payments:** You promise to pay us the number of payments shown above, each in the amount shown above, commencing on the Commencement Date and continuing on the same day of each month thereafter during the Initial Term (each a "Payment", and each day a Payment is due hereunder a "Payment Date"), without need of an invoice, together with all other amounts due from time to time by you hereunder. The total initial payment shall be paid upon your execution of this EFA. If the contemplated transaction is not consummated, the total initial payment may be retained by us as partial compensation for costs and expenses incurred by us in preparation for the transaction. The amount of each Payment is based upon the total estimated cost of the Collateral, or the portion thereof being purchased with the proceeds of the loan evidenced hereby, you have provided to us and which is set forth above. If the final cost of the Collateral (or the portion being purchased) we pay the Supplier is higher or lower than that estimate, we will adjust the amount of each Payment proportionately higher or lower than the Payment amount specified above. You also agree to pay, when invoiced, an amount equal to 1/30th of the Payment amount for each day from and including the date we fund the loan evidenced by this EFA, to but excluding the first Payment Date. Following the first Payment Date, the Term shall continue without interruption for the number of months indicated above. YOUR OBLIGATION TO MAKE PAYMENTS AND PAY OTHER AMOUNTS DUE HEREUNDER IS ABSOLUTE AND UNCONDITIONAL AND NOT SUBJECT TO ABATEMENT, REDUCTION OR SET-OFF FOR ANY REASON WHATSOEVER. THIS IS A NON-CANCELABLE AGREEMENT. THIS EFA, THE TERMS OF WHICH HAVE BEEN FREELY NEGOTIATED BY EACH PARTY, IS ALSO SUBJECT TO THE TERMS AND CONDITIONS ON THE FOLLOWING PAGE WHICH IS MADE PART HEREOF AND WHICH DEBTOR AND SECURED PARTY ACKNOWLEDGE THEY HAVE READ AND ACCEPTED.

5. **DISCLAIMER OF WARRANTIES AND CLAIMS; LIMITATION OF REMEDIES:** THERE ARE NO WARRANTIES BY OR ON BEHALF OF SECURED PARTY AND NEITHER THE SUPPLIER NOR ANY OTHER PARTY IS SECURED PARTY'S AGENT. DEBTOR ACKNOWLEDGES AND AGREES: (A) DEBTOR SELECTED THE SUPPLIER AND COLLATERAL, (B) SECURED PARTY MAKES NO WARRANTIES WHETHER EXPRESS OR IMPLIED AS TO THE CONDITION OF THE COLLATERAL, ITS MERCHANTABILITY, ITS FITNESS FOR ANY PARTICULAR PURPOSE; (C) DEBTOR ACCEPTS THE COLLATERAL "AS IS" AND WITH ALL FAULTS; (D) DEBTOR AGREES THAT THE COLLATERAL WILL BE USED SOLELY FOR COMMERCIAL OR BUSINESS PURPOSES; (E) IF THE COLLATERAL IS UNSATISFACTORY FOR ANY REASON DEBTOR'S ONLY REMEDY, IF ANY, SHALL BE AGAINST THE SUPPLIER OR MANUFACTURER OF THE COLLATERAL AND NOT AGAINST SECURED PARTY; (F) DEBTOR SHALL HAVE NO REMEDY FOR CONSEQUENTIAL, INCIDENTAL, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST SECURED PARTY, ALL OF THE SAME BEING DISCLAIMED AND WAIVED; AND (G) NO DEFECT, DAMAGE OR UNFITNESS OF THE COLLATERAL SHALL RELIEVE DEBTOR OF THE OBLIGATION TO MAKE PAYMENTS OR RELIEVE DEBTOR OF ANY OTHER OBLIGATION UNDER THIS EFA.

6. **Location; Maintenance; Installation; Insurance:** You agree to maintain records showing the location of each item of Collateral. You shall report each location to us upon our request and shall not change the location of the Collateral without our advance written consent. You are responsible for installing and keeping the Collateral in good working order. You shall not make any alterations, additions or improvements to the Collateral which detracts from its economic value or functional utility. If the Collateral is damaged or lost, you agree to continue making scheduled Payments unless we have received the Casualty Value pursuant to Section 11. You agree to keep the Collateral insured against loss during the Term and to have us named as loss payee n such coverage amounts as we may specify from time to time, from anyone who is acceptable to us. You agree to provide us with a certificate of insurance acceptable to us upon our request and if at any time you fail to deliver to us a valid certificate of insurance reflecting such insurance as being in effect, then we will have the right, but no obligation, to have such insurance protecting us placed for the Term at your expense; and if so placed, we will add to the Payments and you will pay us our costs of obtaining such insurance and any customary charges or fees of ours.

7. **Taxes and Fees; Indemnification:** You agree to pay when due and to indemnify and hold us harmless from all taxes, fees, fines, interest and penalties, including, without limitation, personal property or documentary stamp taxes, ("Taxes") relating to the use or ownership of the Collateral or to this EFA now or hereafter imposed, levied or assessed by any taxing authority. We may in our sole discretion, elect to pay any such Taxes directly to a taxing authority and if so you agree to reimburse us on our demand for any such Taxes paid on your behalf together with any filing or processing fee charged by us. If any taxing authority requires any Taxes to be paid in advance, and we pay such Taxes, we may increase the cost of the Collateral we are financing by such amount as described in Section 4 above thereby increasing the amount of each Payment to reflect the payment of such Taxes. You also agree to pay us and reimburse us for all costs and expenses in documenting and servicing this EFA. You agree to indemnify and hold us harmless from any suits, claims, losses or damages we suffer in any way relating to the use or ownership of the Collateral. Your obligations under this Section 7 shall survive the expiration or earlier termination of this EFA. You agree to pay us fees in an amount in effect from time to time in connection with the documentation of this EFA and any site inspection or lien search we deem necessary. You agree that all such fees and any insurance we obtain pursuant to the last sentence of Section 6 may not only cover our costs they may also include a profit.

8. **Personal Property:** The Collateral will be and shall remain personal property and, if requested by us, you will obtain real property waivers satisfactory to us. You shall keep the Collateral free from any and all liens and encumbrances other than those in our favor. You shall give us immediate notice of any attachment or other judicial process, liens or encumbrances affecting the Collateral. You hereby irrevocably authorize us and appoint us as your attorney-in-fact with the power to execute and to file this EFA and any financing statement(s) or security agreement(s) with respect to the Collateral. If your signature on any financing statement or similar document is required by law, you shall execute such supplemental instruments and financing statements we deem to be necessary and advisable and shall otherwise cooperate to defend and perfect our interest in the Collateral by filing or otherwise. You also agree to pay us on demand filing and registration fees prescribed by the UCC or other law. Any Collateral that is subject to title or registration laws shall be titled and registered as directed by us.

9. **Default; Remedies; Late Charges:** If any one of the following events occur with respect to you or any Guarantor, you will be in default: (i) you fail to pay any Payment or other amount due under this EFA, when due, (ii) you breach or fail to perform any of your other covenants and promises under this EFA, (iii) you become insolvent, any action under the United States Bankruptcy Code is filed by or against you, make an assignment for the benefit of creditors, admit your inability to pay your debts as they become due, (iv) you merge, consolidate with, or sell all or substantially all of your assets or a majority of your ownership interests to any third party without our prior written consent or (v) if you terminate your entity existence or take any actions regarding the cessation or winding up of your business affairs. If you are in default, at our election, we can accelerate and require that you pay, as reasonable liquidated damages for loss of bargain, the "Accelerated Balance". The Accelerated Balance will be equal to the total of: (i) accrued and unpaid amounts then due under this EFA, and (ii) the remaining Payments discounted to their then present value at 3% per annum. We can also pursue any of the remedies available to us under the UCC or any other law. In the event we seek to take possession of any part of the Collateral, you irrevocably waive to the fullest extent permitted by law any bonds, surety or security required by statute, court rule or otherwise as an incident of such possession. You agree to pay our reasonable attorneys' fees and actual costs incurred by us in enforcing our rights hereunder including repossession, storage, refurbishment and sale of the Collateral and collection costs, and all non-sufficient funds charges and similar charges. If any part of a payment is late, you agree to pay us upon our demand the following, or if less, the maximum amount allowed under applicable law: (x) a late charge equal to the greater of 10% of the payment or $25.00, (y) a charge of $30.00 for each check returned for any reason or if any ACH debit charge is not honored and (z) if we have had to perform collection activities in connection with such late payment, our specified collection charges then in effect. The foregoing will not be construed as interest but as reimbursement to us to cover administrative and overhead expenses related to the processing and collection of the late payment.

DocuSign Envelope ID: E2308EC9-5FFE-46F6-9735-EC9710F6CB82

THIS IS A COPY
This is a copy view of the Authoritative Copy held

10. **Assignment; Inspection:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN, LEASE OR ENCUMBER THE COLLATERAL OR THIS EFA. We may sell, transfer, assign or encumber this EFA, in whole or in part, without notice to you or your consent. You agree that if we sell, transfer, assign or encumber this EFA, the assignee will have the rights and benefits that we assign to the assignee and will not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set-offs that you may have against us. We and our agents and representatives shall have the right at any time during regular business hours to inspect the Collateral and for that purpose to have access to the location of the Collateral.

11. **Risk of Loss:** You assume and shall bear the entire risk of loss, theft, damage and destruction of the Collateral from any cause whatsoever, and no loss, theft, damage or destruction of the Collateral shall relieve you of the obligation to make Payments or any other obligation under this EFA. You shall promptly notify us in writing of such loss, theft, damage or destruction. If damage of any kind occurs to any item of Collateral, you, at our option, shall at your expense (a) place the Collateral in good repair, condition or working order, or (b) if the Collateral cannot be repaired or is lost, stolen, or suffers a constructive loss under an insurance policy covering the Collateral, pay to us the "Casualty Value." The Casualty Value will be equal to the total of (i) accrued and unpaid amounts then due and owing, and (ii) the remaining Payments discounted to present value at 3%, in both cases as of the date the Casualty Value is received by us.

12. **Choice of Law; Waiver of Jury Trial:** Subject to the following sentence, this EFA shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California. If any amount contracted for, charged or received in connection with this EFA constitutes interest or regulated time-price differential governed by, not exempt from, and in excess of amounts lawfully permitted, under California law (the "Subject Amount"), then (i) if the law of state in which Debtor resides or is headquartered (as indicated in Debtor's address above; the "Debtor's State") would permit the lawful contracting for, charging or receipt of any part of the Subject Amount, then the parties agree that the law of Debtor's State shall govern as to the contracting for, charging and receipt of such interest or regulated time-price differential and (ii) if clause (i) preceding is not applicable, Secured Party shall make any necessary adjustments so as to eliminate such excess. Debtor agrees to provide Secured Party advance written notice and an opportunity to cure pursuant to the preceding sentence any contract, charge or receipt claimed by Debtor to be unlawful; and Secured Party may calculate maximum lawful amounts by amortizing, prorating, allocating reallocating, discounting, treating months as equal intervals, and spreading in each case to the fullest extent permitted by applicable law. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action or proceeding relating to this EFA. YOU WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH ACTION OR PROCEEDING, AND YOU WAIVE ANY RIGHT TO ASSERT THIS IS AN INCONVENIENT FORUM.

13. **Miscellaneous:** During the Term, you agree to provide us with all financial statements and copies of tax returns we may request. If we supply you with labels, you shall label any and all Collateral and shall keep the same affixed in a prominent place. If any provision hereof or any remedy herein provided is found to be invalid under any applicable law, the remaining provisions hereof, shall be given effect in accordance with the manifest intent hereof. The parties agree that each Payment includes interest. You agree that a waiver of breach will not be a waiver of any other subsequent breach, and that any delay or failure to enforce our rights under this EFA does not prevent us from enforcing any rights at a later time. YOU AGREE THAT WE WILL NOT BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS EFA. Section headings are for convenience and are not a part of this EFA. You agree that by providing us with an email address or telephone number for a cellular or other wireless device, you expressly consent to receiving notices and other communications including email, voice and text messages from us or our affiliates or assigns at that email address or telephone number, and this express consent applies to each such email address or telephone number that you provide to us now or in the future and permits such communications regardless of their purpose. These calls and messages may incur access fees from your internet or wireless provider. You agree that the original of this EFA may be electronically duplicated and a copy hereof may be introduced in lieu of the original thereof and without further foundation. The parties hereto expressly waive the secondary evidence rule. You agree that this EFA will be binding upon your successors, permitted assigns, heirs and legal representatives. You authorize us to complete any blank in this instrument or in any document executed or delivered in connection herewith that contemplates a date by inserting a date deemed appropriate by us. Time is of the essence with respect to your obligations hereunder. No term or provision of this EFA may be amended, altered, waived or discharged except by a written instrument signed by the party against whom enforcement is sought. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. Any formal notice given pursuant to this EFA shall, if delivered by mail, be deemed given 2 business days after being placed with the U.S. Postal Service, postage prepaid, addressed to the Debtor at its address set forth above, or to Secured Party at 23970 Hwy 59 N, Kingwood, TX 77339-1535, or such other address as a party may designate by written notice to the other. If Debtor constitutes more than one person, you agree that the liability of each such person hereunder is joint and several. Any restrictive endorsement on any check you give us in payment of any amount due hereunder shall be void. You may not prepay this EFA without our prior written consent. A facsimile or other copy of this EFA, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. Secured Party may acknowledge acceptance of this EFA in a subsequent communication signed by Secured Party. All amounts payable hereunder by you if not paid when due shall accrue interest at a rate of interest of 1.5% per month or the highest rate allowed by applicable law if less, from the due date thereof until received by us in cash and shall be payable on demand. This EFA may be executed in separate counterparts which together shall constitute one and the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. Only the copy of this EFA marked as the "sole original" or similar language by Secured Party or its designee is the chattel paper original of this EFA.

This EFA shall become effective upon Debtor's signature below, provided, however, that our obligation to perform our obligations under this EFA shall be subject to our satisfactory receipt of all conditions specified by us, including a complete and properly executed documentation package, as determined by us. By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the Supplier on behalf of Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | STARK ENERGY, INC. | By: | [signature] |
|---|---|---|---|
| | | Printed Name/Title: | ROBERT FETTIG, President |

**GUARANTY:** The undersigned ("you", "your", jointly and severally if more than one) unconditionally guarantees to Secured Party and its assigns the prompt payment and performance when due of all of the obligations of the Debtor under the EFA and all related documents executed by the Debtor in connection with it (collectively with the EFA, the "Agreements"). We shall not be obligated to proceed against the Debtor, the property being financed under the Agreements or enforce any other remedy before proceeding against you to enforce this Guaranty. Notwithstanding any changes made to the Agreements in the course of our dealings with the Debtor, this Guaranty will remain in effect with respect to the Agreements as so changed even if you are not notified of the changes and will remain in effect even if the Agreements or any of them are no longer enforceable against the Debtor. You waive all presentments, demand for performance, notices of protest, notices of dishonor, notices of acceptance of this Guaranty and all other notices to which you may have a right. You agree to pay us all the expenses incurred by us in enforcing this Guaranty. You may not assign this Guaranty without our written consent. This Guaranty shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action to enforce this Guaranty and you waive any right to assert this is an inconvenient forum. You consent to us conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others. This Guaranty may be executed in separate counterparts which together shall constitute one and the same instrument. The notice provisions of the EFA shall apply to this Guaranty.

| Guarantor Signature: | [signature] 5327DE0AF1DE471... | Printed Name: | ROBERT FETTIG |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Secured Party or Secured Party's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to us, by either a credit or debit to Debtor's account.

| Bank Name: | Gate City Bank | Business Acct Name: | Stark Energy Inc. |
|---|---|---|---|
| Account No: | ▇▇▇144 | ABA No.: | ▇▇▇0918 |
| Authorized Signature: | [signature] 5327DE0AF1DE471... | Printed Name and Title: | Robert Fettig, President |



**STARK ENERGY, INC.**
1860 4TH AVE E
DICKINSON, ND, 58601

Agreement #: 2591868
Commenced on: 03/11/2021

## Welcome to Ascentium Capital

This letter serves as our acceptance of your Equipment Finance Agreement, and we want to take a moment to share some important information.

 Your agreement number is 2591868 with a term of 60 months.

 Your monthly payment amount is $7,123.30 for 60 months, due on the 10th of every month.

You have agreed to make your payments through automated debiting from your bank account. We will debit your account on your due date or on the next business day if your payment date is on a weekend or a bank holiday.

With competitive financing up to $1.5 million, you can finance nearly anything for your business. If you have additional financing, leasing or working capital needs, please contact your Ascentium Capital sales representative Andrew Sawyers, at AndrewSawyers@AscentiumCapital.com or 281.921.3817.

*Greg McIntosh*

Greg McIntosh
Senior Vice President

**Questions?** You can access your account online and view finance documents, invoices and other items via Account Butler. You may also contact Customer Care by email at Service@AscentiumCapital.com or by phone Monday - Friday at 866.846.3646 between 8 a.m. and 5 p.m. Central Time. We look forward to serving you.

23970 Highway 59 N
Kingwood, TX 77339

www.AscentiumCapital.com