| | |
|---|---|
| STATE OF NORTH DAKOTA | IN THE DISTRICT COURT |
| COUNTY OF STARK | SOUTHWEST JUDICIAL DISTRICT |

REGIONS BANK, )
                                         )
       Plaintiff, )    **ORDER FOR IMMEDIATE**
vs. )    **POSSESSION**
                                         )
STARK ENERGY, INC. AND ROBERT GENE )
FETTIG, )    Case No. 45-2023-CV-00916
                                         )
       Defendants. )

[1]    A hearing in the above-captioned case was held on the 9th day of January, 2024, at 11:00 a.m. Mountain Time before the Honorable Dann Greenwood presiding over the Southwest District Court of Stark County, State of North Dakota, at the Stark County Courthouse, Dickinson, North Dakota. Plaintiff Regions Bank dba Ascentium Capital appeared in person and was represented by Attorney Trevor A. Hunter of CROWLEY FLECK PLLP. Defendant Robert Gene Fettig appeared pro se via Zoom. Defendant Stark Energy, Inc. did not appear.

[2]    At said hearing, the Court found:

    1.    Plaintiff Regions Bank (the "Bank") is an Alabama state-chartered bank and successor in interest by merger of Ascentium Capital LLC, a Delaware limited liability company ("Ascentium Capital"), and is also a subsidiary of Regions Financial Corporation, a publicly traded Alabama banking corporation chartered under the laws of the State of Alabama, with its principal office located in Birmingham, Alabama. The Bank acquired Ascentium Capital on or about April 1, 2020. Ascentium Capital was merged into the Bank as evidenced in the Articles of Merger filed with the Delaware Secretary of State's Office on March 31, 2023. Thereafter, the Bank sometimes does business as "Ascentium Capital." The Bank is therefore the rightful owner and beneficiary



ORDER FOR IMMEDIATE POSSESSION
CASE NO. 45-2023-CV-00916
PAGE 1 OF 7

of all of the assets and liabilities of Ascentium Capital. A true and correct copy of said Articles of Merger was filed in this action as "Exhibit 1" to the Complaint, on December 4, 2023, as Doc. No. 2.

2. According to the records of the North Dakota Secretary of State, Defendant Stark Energy, Inc. ("Stark Energy") is a North Dakota business corporation with its principal office at 1860 4th Avenue East, Dickinson, North Dakota 58601.

3. Defendant Robert Gene Fettig ("Fettig") is a resident of Dickinson, Stark County, North Dakota who is believed to reside at 1860 4th Avenue East, Dickson, North Dakota 58601. Fettig is the president and a shareholder of Stark Energy.

4. Jurisdiction and venue of this action are appropriate in the State District Court for the Southwest Judicial District, Stark County, North Dakota under N.D.C.C. §§ 27-05-06 (as to jurisdiction), 28-04-02(1) and 28-04-05 (as to venue), as the Collateral (as such term is defined below) securing the Loan (as such term is defined below) is believed to be located in Stark County, North Dakota, and Fettig is believed to be a resident of Stark County, North Dakota.

5. The Bank filed this action in this Court against Stark Energy and Fettig (collectively, the "Defendants") to recover the possession of the Collateral from Defendants.

6. The Bank is lawfully entitled to possession of the Collateral by reason of Defendants' defaults under the terms of the Loan Documents (as such term is defined in the Complaint (Doc. No. 1) and hereinafter referred to accordingly).

7. In or about early March 2021, Stark Energy, as purchaser, entered into an agreement with CZM USA Corporation, as seller, regarding Stark Energy's purchase of a 2012 CZM EK125 Drilling Rig (serial no. SAV0003) (the "Drilling Rig") for $350,000.00. The Bank financed Stark Energy's acquisition of the Drilling Rig by financing the total amount of

$427,398.00, including principal and interest accrued and payable over the entire term of the financing, to Stark Energy (the "Loan"). As evidence of the Loan, Stark Energy, as borrower, entered into Equipment Finance Agreement No. 2591868, with a commencement date of March 11, 2021, with the Bank (the "Finance Agreement"). A true and correct copy of the Finance Agreement was filed in this action as "Exhibit 2" to the Complaint, on December 4, 2023, as Doc. No. 3.

8. As further evidence of the Loan, Stark Energy entered into a Commencement Agreement with the Bank (the "Commencement Agreement"). A true and correct copy of the Commencement Agreement was filed in this action as "Exhibit 3" to the Complaint, on December 4, 2023, as Doc. No. 4.

9. Fettig, in his individual capacity, in writing, executed the Finance Agreement as a guarantor thereby unconditionally and personally obligating himself to pay any amounts due under the Finance Agreement (the "Guaranty"). Fettig entered into the Guaranty at the same time that Stark Energy entered into the Finance Agreement with and received the Loan from the Bank. The Guaranty is contained on page 2 of the Finance Agreement.

10. To secure Stark Energy's performance under the Finance Agreement, the Bank was granted a security interest in the Drilling Rig and "all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing" as to the Drilling Rig (the aforementioned items and the Drilling Rig are hereinafter referred to collectively as the "Collateral"), by the terms of the Finance Agreement.

11. On March 8, 2021, at 10:23 a.m., the Bank perfected its security interest in the Collateral by filing a UCC-1 financing statement with the North Dakota Secretary of State's Office as financing statement no. 21-000864059-1 (the "Financing Statement"). A true and correct copy

of the Financing Statement was filed in this action as "Exhibit 4" to the Complaint, on December 4, 2023, as Doc. No. 5.

12. Stark Energy accepted delivery of the Collateral on or about March 8, 2021, and delivered to the Bank a Delivery and Acceptance Certificate by which Stark Energy acknowledged, among other things, its acceptance and the condition of the Collateral (the "Delivery and Acceptance Certificate"). A true and correct copy of the Delivery and Acceptance Certificate was filed in this action as "Exhibit 5" to the Complaint, on December 4, 2023, as Doc. No. 6.

13. Under the terms of the Finance Agreement, the Bank is entitled to immediate possession of the Collateral should the Defendants default under the terms of the Finance Agreement.

14. Stark Energy defaulted in its payments under the Finance Agreement by failing to make required payments according to its terms. Fettig defaulted under the Guaranty by failing to make required payments due under the Finance Agreement.

15. On October 9, 2023, the Bank accelerated the indebtedness due on the Loan through a demand letter sent to the Defendants (the "Demand Letter") because of their default under, respectively, the terms of the Finance Agreement and tfwihe Guaranty, and declared all amounts immediately due and payable. A true and correct copy of the Demand Letter was filed in this action as "Exhibit 6" to the Complaint, on December 4, 2023, as Doc. No. 7.

16. The Defendants are in default under the terms of the Loan Documents. As a result of their default, the Collateral is wrongfully detained by the Defendants. The Defendants continue to use the Collateral despite their default under the Loan Documents. Seizure of the Collateral is

necessary to prevent the removal, destruction, and continued deterioration of it pending resolution of this action.

17. The Collateral has not been seized for the collection of any tax, assessment, or fine, nor seized under any execution, attachment, or other legal process against the property of the Bank.

18. The Collateral is in the possession of Stark Energy and/or Fettig who are wrongfully detaining the same because of their default under the Loan Documents. Because of Stark Energy's and/or Fettig's failure and/or refusal to surrender possession of the Collateral to the Bank, the Bank believes that Stark Energy and/or Fettig may attempt to sequester and/or move the Collateral in order to prevent the Bank from recovering the same. Seizure of the Collateral is necessary to prevent the removal, destruction, and continued deterioration of it pending resolution of this action.

19. The Drilling Rig is believed to be located at 4090 130th Avenue SW, Belfield, North Dakota 58622.

20. The actual value of the Drilling Rig is $100,000.00.

21. Pursuant to N.D.C.C. § 32-07-04, the Bank will obtain a sufficient written undertaking prior to the issuance of an endorsement directing the Sheriff to seize the Collateral.

22. The Bank properly served the Summons (Doc. No. 10), Complaint (Doc. No. 1), and the exhibits to the Complaint (Doc. Nos. 2-7), on the Defendants as follows:

    a. Stark Energy, by personal service on Delene M. Fettig, the registered agent for Stark Energy, on November 28, 2023, in accordance with Rule 4(d)(2)(D)(i), N.D.R.Civ.P., as shown by the Sheriff's Return of Service filed in this action on December 4, 2023 (Doc. No. 8).

    b. Fettig, by personal service on Fettig by leaving a copy of said documents at his dwelling or usual place of residence in the presence of Delene M. Fettig, a person of

suitable age and discretion who resides there, on November 28, 2023, in accordance with Rule 4(d)(2)(A)(ii), N.D.R.Civ.P., as shown by the Sheriff's Return of Service filed in this action on December 4, 2023 (Doc. No. 9).

23. The Bank properly served the Notice of Assignment of Judge (Doc. No. 12), Plaintiff's Affidavit (Doc. No. 13), Order to Show Cause (Doc. No. 15), and Notice of Hearing (Doc. No. 16), on the Defendants as follows:

    a. Stark Energy, by personal service on Delene M. Fettig, the registered agent for Stark Energy, on December 12, 2023, in accordance with Rule 4(d)(2)(D)(i), N.D.R.Civ.P., as shown by the Sheriff's Return of Service filed in this action on January 5, 2024 (Doc. No. 22).

    b. Fettig, by personal service on Fettig by leaving a copy of said documents at his dwelling or usual place of residence in the presence of Delene M. Fettig, a person of suitable age and discretion who resides there, on December 12, 2023, in accordance with Rule 4(d)(2)(A)(ii), N.D.R.Civ.P., as shown by the Sheriff's Return of Service filed in this action on January 5, 2024 (Doc. No. 23).

24. As a result of the Defendants' defaults under the Loan Documents, the Bank is entitled to immediate possession of the Collateral.

[3] IT IS HEREBY ORDERED that:

1. The Sheriff of Stark County, North Dakota—or the Sheriff of any County in North Dakota where the following described personal property may be located—shall seize and take the 2012 CZM EK125 Drilling Rig (serial no. SAV0003) (the "Drilling Rig") and "all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing" as to the Drilling Rig (the aforementioned items and the Drilling Rig are hereinafter referred to

collectively as the "Collateral"), upon Plaintiff's Affidavit and Requisition and the posting of a written undertaking equal to double the value of the Collateral that are seized.

2. The Bank is hereby granted possession of the Collateral, and is authorized to liquidate the same, by public or private sale, as authorized by the Uniform Commercial Code and the terms of the Loan Documents, entered into between the Bank, Stark Energy, and/or Fettig, without prejudice to the Bank's right to seek recovery for any deficiency judgment.

1/11/2024 1:48:20 PM

_____
Honorable Dann Greenwood
District Court Judge