UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| STARK ENERGY, INC. ) | |
| ) | |
| ) | Case No. 24-30168 |
| ) | |
| Debtor. ) | |

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, AN ORDER DIRECTING THE DEBTOR TO PROVIDE ADEQUATE PROTECTION**

TO:   Debtor Stark Energy, Inc. and its attorneys of record, Erik A. Ahlgren and Maurice VerStandig; Chapter 11 Trustee Thomas Kapusta; U.S. Trustee; and all interested parties:

1.   You are hereby notified that a motion has been filed by Michael L. Gust, as one of the attorneys for Alliance Funding Group ("Alliance"), in the above-entitled matter, whose address is ABST Law, P.C., 4132 30th Avenue South, Suite 100, P.O. Box 10247, Fargo, ND 58106-0247. Said motion is for relief from the automatic stay so that Alliance may recover the equipment pursuant to its Agreement or, in the alternative, an order directing the Debtor to provide adequate protection in that the Debtor is required to make immediate periodic cash payments for the continued possession and use of the Equipment, including payments to catch up on its payment obligations under the Agreement.

2.   Under applicable rules, any objection to the motion must be in writing and must be served upon the undersigned attorney and filed with the clerk of court within 14 days from the undersigned date.  If an objection is timely served and filed, the court will hold a hearing on this objection.  All objections must be in writing.  **If there is no objection, the Court may proceed to enter an order in this matter without any further notice and hearing**.

3.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding.

4. Debtor Stark Energy, Inc. filed for Chapter 11 bankruptcy protection on April 23, 2024. The case is currently pending before this Court.

5. This motion arises pursuant to 11 U.S.C. § 362 and Bankruptcy Rule 4001 and is filed pursuant to Bankruptcy Rules 9013 and 9014.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151 and 157.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

8. On or about March 31, 2021, Alliance Funding Group ("Alliance") and Stark Energy, Inc. ("Stark" or "Debtor") entered into Equipment Financing Agreement #21-12855 (the "Agreement"). Copies of the Agreement, Account Statement, its Guaranty, Corporate Certificate of Authority, invoice (showing the equipment purchased), Authorization Agreement for Pre-Authorized Payments, delivery and acceptance certificate, disbursement authorization, and addendum to Equipment Finance Agreement are attached hereto as **Exhibit A**.

9. Pursuant to the Agreement, Alliance financed the purchase of the following equipment:

One (1) 2017 Volvo VNL Sleeper Truck VIN # 4V4NC9EH3HN974302

(the "Equipment") and Debtor agreed to repay Alliance by making monthly payments to Alliance.

10. Pursuant to the Agreement, the Debtor granted Alliance a first priority purchase money security interest(s) in the Equipment; Alliance duly perfected said purchase money security interest, as is more fully set forth in the Agreement. *See* **Exhibit B**.

11. Alliance has performed all of its obligations under the Agreement.

12. The Debtor breached the Agreement by failing to make payments to Alliance.

2

## The Debtor's Defaults Under the Agreement

13. Pursuant to the terms of the Agreement, the Debtor promised to pay Alliance thirty-six (36) monthly payments of $1,573.16.

14. The Debtor has defaulted under the terms and conditions of the Agreement by failing to make payments due and owing under the Agreement.

15. Alliance is therefore entitled to immediate possession of the Equipment in accordance with paragraph 16 of the Agreement, and, separately, pursuant to Article 9 of the Uniform Commercial Code.

16. The Debtor has failed and refused to surrender possession of the Equipment to Alliance.

17. Alliance also accelerated all amounts due from the Debtor under paragraph 16 of the Agreement. The amount the Debtor owes to Alliance under the Agreement is $25,519.54.

## **ALLIANCE IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY**

18. On April 23, 2024, the Debtor petitioned this Court for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

19. The Automatic Stay provisions contained in §362(a) of the Bankruptcy Code restrain Alliance from exercising rights and remedies against property of the Debtor's estate.

20. Section 362(d)(2) of the Bankruptcy Code provides, in pertinent part, that:

"…(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or condition such stay-

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

(A)   the debtor does not have an equity in such property; and

(B)   such property is not necessary for an effective reorganization."

3

21. The value of the Equipment is estimated to be $14,000.

22. The value of the Equipment is decreasing due to general market conditions, ordinary depreciation and the wear and tear caused by the Debtor's operation and use thereof.

23. Accordingly, this Court should grant Alliance relief from the automatic stay to allow Alliance to recover the Equipment; and, further, the Court should waive Rule 4001(a)(3) so that Alliance may immediately implement this Court's Order and promptly mitigate its losses.

WHEREFORE, Alliance Funding Group respectfully requests this Court enter an Order:

a) That the automatic stay arising pursuant to Section 362(a) of the Bankruptcy Code (to the extent it applies) is hereby lifted to permit Alliance Funding Group, to enforce its contractual and judicial remedies to recover and liquidate the following property:

One (1) 2017 Volvo VNL Sleeper Truck VIN # 4V4NC9EH3HN974302

b) that the provisions of Bankruptcy Rule 4001(a)(3) shall not apply to this Order; and

c) For such other and further relief as this Court deems just and proper.

**FAILURE TO PROVIDE ADEQUATE PROTECTION
OF ALLIANCE'S INTEREST IN THE EQUIPMENT**

24. Should this Court not grant Alliance's request for relief from the automatic stay, Alliance respectfully requests that this Court direct the Debtor to make immediate periodic cash payments for the continued possession and use of the Equipment, including payments to catch up on its payment obligations under the Agreement.

25. The Debtor's failure to make periodic cash payments to Alliance under Section 361(1) of the Bankruptcy Code has and will result in the Equipment depreciating in value faster than payments are being received by Alliance and, as such, Alliance's property rights in the Equipment are not being adequately protected. Likewise, the equity cushion is diminishing.

4

26. The Court has flexibility in fixing adequate protection in order to protect a creditor from depreciation and/or diminishment of the value of its property during the pendency of the automatic stay. Accordingly, if the Court allows the Debtor to retain possession of the Equipment, then this Court, pursuant to Section 363(e) of the Bankruptcy Code, should condition the use of the Equipment on Debtor's provision to Alliance of adequate protection, as well as an order allowing Alliance to recover its Equipment without the need to file further pleadings or motions with this Court in the event the Debtor fails to make the required adequate protection payments.

27. In the event that the Debtor fails to make any of the required adequate protection payments requite by the Court, Alliance requests that this Court issue an order, pursuant to Section 105 of the Bankruptcy Code, requiring Debtor to promptly turn over the Equipment to Alliance.

WHEREFORE, Alliance Funding Group respectfully requests this Court enter an order:

a) Modifying the restraining provisions of Section 362 to allow Alliance to pursue its state court remedies for recovery of the Equipment set forth in Equipment Financing Agreement #21-12855, and/or;

b) Directing the Debtor to provide adequate protection to Alliance of $1,573.16 per month under Equipment Financing Agreement #21-12855 including affirming the prompt cure of all post-petition arrears under the Equipment Financing Agreement; requiring the Debtor to maintain the Equipment including all accessories and attachments in the same condition as originally delivered (less reasonable wear and tear); requiring Debtor to maintain adequate insurance as required in the Agreement; requiring the Debtor to provide access to the Equipment within seventy-two (72) hours of a request for inspection by Alliance; requiring the Debtor to pay all taxes assessments and other fees or claims that could become a lien or encumbrance on the Equipment; and issue an order allowing Alliance to recover such property without the need to file

5

further pleadings or motions with this Court in the event the Debtor subsequently fails to make the required payments, and/or;

      c)      Stating that the provisions of Bankruptcy Rule 4001(a)(3) shall not apply to this Order; and

      d)      For such other and further relief as this Court deems just and proper.

Dated this 27th day of June, 2024.

           /s/ Michael L. Gust
Michael L. Gust (ND ID 06468)
ABST Law, P.C.
4132 30th Avenue South, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
(701) 235-3300
*mgust@abstlaw.net*
Attorneys for Alliance Funding Group

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| STARK ENERGY, INC. ) | |
| ) | |
| ) | Case No. 24-30168 |
| ) | |
| Debtor. ) | |

**CERTIFICATE OF SERVICE**

Jennifer A. Ernst, hereby certifies that on June 27, 2024 she served the attached:

Notice of Motion and Motion for Relief from the Automatic Stay or, in the Alternative, an Order Directing the Debtor to Provide Adequate Protection

To all parties listed to receive notice via the CM/ECF notification system.

Dated: June 27, 2024

/s/ Jennifer A. Ernst
Jennifer A. Ernst

7