**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re: STARK ENERGY, INC.,<br><br>Debtor. | Case No. 24-30168<br><br>Chapter 11 |

**STIPULATION FOR ADEQUATE PROTECTION AND STIPULATED MOTION TO VACATE HEARING AND STAY MOTION FOR RELIEF FROM AUTOMATIC STAY**

Regions Bank (the "Bank"), a secured creditor herein, and Debtor, Stark Energy, Inc. ("Stark"), by and through their undersigned attorneys, stipulate and move this Court as follows:

1. Stark filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 23, 2024.

2. Pre-petition, in or about early March 2021, Stark, as purchaser, entered into an agreement with CZM USA Corporation, as seller, regarding Stark's purchase of a 2012 CZM EKI25 Drilling Rig (serial no. SAV0003) (the "Drilling Rig") for $350,000.00.

3. The Bank, by and through its predecessor Ascentium Capital LLC which thereafter merged with the Bank, financed Stark's acquisition of the Drilling Rig by financing the total amount of $427,398.00, including principal and interest accrued and payable over the entire term of the financing, to Stark. As evidence of the Loan, Stark, as borrower, entered into Equipment Finance Agreement No. 2591868, with a commencement date of March 11, 2021, with the Bank (the "Contract").

4. Pursuant to the Contract, Stark granted the Bank a security interest in the Drilling Rig and "all accessories and additions thereto and replacements thereof and all proceeds and products of

the foregoing" (collectively, the "Collateral"). The Bank perfected the security interest granted under the Contract by filing a UCC-1 financing statement with the North Dakota Secretary of State's Office as financing statement no. 21-000864059-1 on March 8, 2021.

5. On January 11, 2024, the District Court of the Southwest Judicial District in Stark County, North Dakota, Case No. 45-2023-CV-00916, entered an Order for Immediate Possession wherein it ordered Stark to turn the Collateral over to the Bank.

6. Thereafter, on January 26, 2024, the District Court of the Southwest Judicial District in Stark County, North Dakota, Case No. 45-2023-CV-00916, entered Default Judgment against Stark.

7. On June 14, 2024, the Bank filed a Motion for Relief from Automatic Stay herein (together with supporting documents, the "Stay Motion") (Docket Nos. 81–83) wherein the Bank requested that the automatic stay imposed by 11 U.S.C. § 362 be lifted so the Bank could exercise its state-law foreclosure remedies in relation to the Collateral.

8. On June 28, 2024, Stark filed Debtor's Objection to Regions Bank's Motion to Lift Automatic Stay (the "Stay Response") (Docket No. 103) wherein Stark offered to make monthly adequate protection payments in the amount of $1,200 per month in lieu of lifting the stay.

9. On July 1, 2024, this Court issued a Notice of Hearing by Video Conference wherein it set a hearing on the Stay Motion and the Stay Response for Friday, July 12, 2024, at 10:00 A.M. (the "Hearing")

10. Stark has not filed a Plan of Reorganization.

11. Stark asserts that its continued use of the Collateral is necessary for Stark's continued operations and will be necessary for an effective reorganization.

12. To ensure that the Bank's interests are adequately protected prior to confirmation of a Plan of Reorganization, the parties stipulate and agree as follows:

(a) Beginning on or before August 1, 2024, and continuing on the same day of each month thereafter, Stark shall pay the Bank adequate protection payments in the amount of $1,200.00 to be applied to the balance of the Bank's claim, which is an amount calculated by the parties to protect from the current economic trends in the value of the Collateral.

(b) Stark and the Bank agree that, after application of any adequate protection payments, the Bank's claims may be treated and the Bank's claim satisfied as part of any Plan of Reorganization by monthly or annual payments.

(c) All payments shall be made payable to the Bank and mailed initially to counsel for the Bank or to such other locations as the Bank may direct;

(d) Stark will maintain the Collateral interest in good repair and maintain possession of the Collateral;

(e) Stark will maintain adequate insurance on the Collateral; and

(f) In the event of a default under this Stipulation, the Bank shall send written notice of the default to Stark and its counsel. Stark shall have a ten (10) day period in which to cure the default. If Stark fails to cure such default, the Bank shall have relief from stay in the Bankruptcy Court with respect to the Collateral without the need for further application to the Bankruptcy

Court, and may then exercise its rights with respect to the Collateral pursuant to applicable non-bankruptcy law.

13. The terms of this Stipulation shall terminate automatically in the event of: 1) dismissal of Stark's case, 2) conversion of Stark's case to a case under Chapter 7 of the Bankruptcy Code, or 3) pursuant to the terms of a confirmed Plan of Reorganization.

14. The Parties agree that the Relief Motion should be stayed, and the Hearing should be vacated in accordance with the terms of this Stipulation.

WHEREFORE, the Bank and Stark respectfully request that the Court enter an Order approving this Stipulation, vacate the Hearing, stay the Relief Motion, and for any such other and further relief as the Court deems just and proper.

DATED this 10th day of July, 2024.

>CROWLEY FLECK PLLP
>Attorneys for Regions Bank
>P.O. Box 2529
>Billings, MT  59103-2529
>
>By: /s/ Michael J. Klepperich
>    MICHAEL J. KLEPPERICH (ND Bar ID# 09296)

DATED this 10th day of July, 2024

>Ahlgren Law Office, PLLC
>
>/s/ Erik Ahlgren
>Attorney #09561
>220 West Washington Ave, Ste 105
>Fergus Falls, MN 56537
>Office: 218-998-2775
>Fax: 218-998-6404
>erik@ahlgrenlawoffice.net
>ATTORNEY FOR DEBTOR

4

## CERTIFICATE OF SERVICE

      I, Michael J. Klepperich, hereby certify under penalty of perjury that I electronically filed a true and exact copy of the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification electronically to parties in interest served by the Court's CM/ECF

       /s/ Michael J. Klepperich
      MICHAEL J. KLEPPERICH