UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Stark Energy, Inc.,

Debtor.

Case No. 24-30168
Chapter 11, Subchapter V

### DEBTOR'S OBJECTION TO ALLIANCE FUNDING GROUP'S MOTION TO LIFT AUTOMATIC STAY

Stark Energy, Inc. (the "Debtor") objects to the Motion for Relief from Automatic Stay (the "Motion") filed by Alliance Funding Group (the "Alliance"). Alliance requests relief from the automatic stay to obtain possession of and sell a 2017 Volvo VNL Sleeper Truck, VIN # 4V$NC9EH3HN974302 (the "Volvo"). For purposes of addressing Alliance's motion, the Debtor states as follows:

1. The Debtor filed its bankruptcy petition in good faith, with the intent to continue its business and to repay its debts to the best of its ability as required by Bankruptcy Code.

2. The Debtor agrees that there is no equity in the Volvo. Alliance values the Volvo at $14,000 in its proof of claim (Claim 2-1). The Debtor's bankruptcy schedules value the Volvo at $12,500. Both the Debtor and Alliance agree that the present debt is in excess of the value of the Volvo.

3. The Volvo is necessary for an effective reorganization. The Volvo is an important part of the Debtor's operation and will produce revenues to fund an effective plan of reorganization or pay back his creditors.

    4. The Debtor has the ability to, and hereby offers to, pay Alliance $235 per month as "adequate protection" payments. This is based on a 5-year (60 month) straight line depreciation schedule for the Volvo. Accordingly, the offer of $235 per month should compensate the ordinary, expected depreciation of the Volvo based on Alliance's valuation ($14,000 divided by 60 = $233.33). In addition to these monthly payments, the Debtor will insure and maintain the Volvo.

As will be discussed in greater detail below, there is no "cause" to terminate or otherwise modify the automatic stay, and the Volvo is necessary for an effective reorganization. Accordingly, the Court should deny Alliance's motion.

## BACKGROUND

In 2017, the Debtor began operating as a hauling company. To purchase some of the equipment needed to operate, the Debtor took out loans from various sources including Alliance. The vast majority of the Debtor's business centered on the North Dakota oil fields. The Debtor initially operated smoothly, having good cashflow and meeting the payments on its loans.

Then in 2019, the Debtor's principal, Robert Fettig, bought out his partner for $150,000. In ordinary circumstances, the Company would have been able to handle the debt service caused by the buy-out. Unfortunately, Mr. Fettig was not able to foresee the instability that would be caused by the COVID pandemic in 2020.

As a result of the pandemic, there was a worldwide slump in the demand for oil. The Court may recall news reports of smog clearing so that the Taj Mahal could be

viewed without this impediment and even, for a short time, the negative price of oil. As a result of the downturn in the oil business, North Dakota oil fields were being pulled out of production and the Debtor was forced to look for other industries to ply its trade. The Debtor was also required to take on additional debt and receive funds from government programs enacted to retain employees and assist small businesses through the ongoing COVID pandemic.

Following the pandemic, the Debtor's business began to recover. However, due to the Debtor's inexperience in these new industries and the large amount of debt it had accrued, any recovery the Debtor experienced was insufficient in the face of rising expenditures and a falling workforce.

## THERE IS NOT SUFFICIENT CAUSE FOR STAY RELIEF.

Under Bankruptcy Code, the filing of a petition automatically stays most judicial actions against the debtor. 11 U.S.C. § 362(a)(1). This provision exists to give the debtor a respite to marshal their resources so that they may satisfy outstanding obligations. *In re Vierkant*, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999).

Relief from the automatic stay granted debtors under 11 U.S.C. § 362(a)(1) may also be lifted if the debtor has no equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). The Debtor does not dispute that it lacks equity in the Volvo. Alliance values the Volvo at $14,000. The Debtor's bankruptcy schedules values the Volvo at $12,500. Both the Debtor and Alliance agree that the present debt is in excess of the value of the Volvo. Section

362(d)(2), however, does not allow relief from the automatic stay because the Volvo is necessary for an effective reorganization.

Once a creditor has established that a debtor lacks equity in some property, the burden shifts to the debtor to prove that the property at issue is necessary for an effective reorganization. *Bowman v. Bond (In re Bowman)*, 253 B.R. 233, 238 (B.A.P. 2000). As explained in the declaration of Rob Fettig, the Volvo is an important part of the Debtor's operation and will produce revenues to fund an effective plan of reorganization to pay back his creditors.

Moreover, the Debtor strongly believes it has the ability to develop a successful plan of reorganization. The Debtor's ability to develop an effective plan of reorganization is underscored by reviewing the pre-COVID Debtor. Robert Fettig, the principal of Debtor, started the company in April of 2017 with one truck and a trailer. Prior to this, he worked in the oil and gas industry for 5.5 years. In 2017, its first year of operation, the company grossed $176,000. In late 2017 and through 2018, the Debtor acquired additional trucks for hauling aggregate, a flatbed truck for heavy hauling, a hydrovac, and other equipment for drilling services. The Debtor ended 2018 with gross revenues of $1.65 million. Staying on this trajectory, Stark grossed $4.85 million in 2019. The past doesn't predict the future; however, this history demonstrates that the Debtor has the experience, ability, and commitment to produce a successful outcome.

## THE DEBTOR IS WILLING AND ABLE TO PROVIDE
## ADEQUATE PROTECTION PAYMENTS TO ALLIANCE

The Debtor hereby offers $235 per month as adequate protection payments for the Volvo. In addition to these monthly payments, the Debtor will insure and maintain the Volvo.

The offered payment of $235 per month will fully compensate Alliance for the depreciation of equipment that occurs as it is used. Adequate protection payments are intended to reflect the depreciation or decline in value that occurs as an asset is used. The general rule is that, in order to obtain adequate protection payments, ". . . the moving party must provide evidence that the value of the collateralized property is declining, or at least threatened, as a result of the automatic stay." *In re Panther Mountain Land Dev., LLC,* 438 B.R. 169, 189 (Bankr. E.D. Ark. 2010). When arguing that the value of collateral is depreciating, the creditor must provide evidence of actual or expected depreciation or some other decline in value from the petition date to the date of the filing of the motion. *Id.* ("The most direct and convincing proof that the value is 'declining, or at least threatened' comes from a comparison of the property value at the time of the hearing to the property value on the date of filing.").

Here, Alliance provides no evidence of depreciation or decline in value. Nonetheless, the Debtor is willing to offer adequate protection payments based on a 5-year (60 month) straight line depreciation schedule. Accordingly, the offer of $235 per month should compensate the ordinary, expected depreciation of the Volvo based on

Alliance's valuation ($14,000 divided by 60 = $233.33). In addition to these monthly payments, the Debtor will insure and maintain the Volvo.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests entry of an order denying Alliance's motion and allowing the court to hear his plan of reorganization.

        Ahlgren Law Office, PLLC

Dated: July 11, 2024        /s/Erik A. Ahlgren
        Attorney #09561
        220 West Washington Ave, Ste 105
        Fergus Falls, MN 56537
        Office: 218-998-2775
        Fax: 218-998-6404
        erik@ahlgrenlaw.net

        ATTORNEY FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

---

In re:

Stark Energy, Inc.,

    Debtor.

Bky. Case No. 24-30168
Chapter 11 Subchapter V

---

## CERTIFICATE OF SERVICE

---

I, Lisa Ahlgren certify, that on July 11, 2024, the following document:

**Debtor's Objection to Alliance Funding Group's Motion to Lift Automatic Stay**

was filed electronically with the Clerk of Court through CM/ECF and that those parties requesting electronic service were served by CM/ECF.

Executed: July 11, 2024          /s/Lisa Ahlgren
                                                     Lisa Ahlgren