**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-30168 |
| Stark Energy, Inc., ) | Chapter 11, Subchapter V |
| ) | |
| Debtor. ) | |

**MOTION FOR A REVISED ORDER GRANTING APPROVAL OF POSTPETITION FINANCING PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE**

Stark Energy, Inc. (the "Debtor"), by and through its counsel, files this motion for a revised order granting approval of postpetition financing pursuant to section 364(c) of the Bankruptcy Code (the "Motion"), and in support of its motion states as follows:

1. On June 18, 2024, this Court issued an order approving postpetition financing pursuant to Section 364(c) of the Bankruptcy Code and granting the Debtor authority to enter into an agreement with Riviera Finance of Texas, Inc., d/b/a Riviera Finance ("Riviera") in which Riviera agreed to purchase Debtor's accounts receivable and/or to extend credit and financing as referenced and defined in the Security Agreement and related documents attached to the Debtor's original motion.

2. Riviera has refused to purchase Debtor's accounts receivable and/or to extend credit and financing pursuant to the terms of the Court's June 18, 2024 order and has requested that certain revisions be made to the order.

3. Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60, allows this Court to revise its order. Moreover, Bankruptcy courts, as courts of equity, have inherent powers to revise their previous orders as long as no intervening rights have vested based on those orders. In re Olsen, 861 F.2d 188 (8th Cir.

1

1988)("Bankruptcy courts have general authority to change the terms of their own orders when equity so requires.")

4. Here, Riviera has not purchased Debtor's accounts receivable and/or extended credit or any other form of financing pursuant to the terms of the Court's June 18, 2024 order. Accordingly, the Court may revise its order.

5. A copy of the revised order showing Riviera's requested changes is attached as Exhibit A. The changes to the substantive provisions of the June 18, 2024 order are shown by redline.

6. Each of Riviera's requested changes is discussed below.

7. In new paragraph 4, Riviera requests language clarifying that Riviera will be deemed to be the actual purchaser of the accounts receivable, free and clear of any liens or other interests.

8. In new paragraph 5, Riviera requests language clarifying the proceeds from the sale of accounts will be Riviera's cash collateral. For example, if Riviera purchases accounts from the Debtor but the account payor defaults, Riviera will hold a security interest in the proceeds derived from Debtor's sale of the accounts and may collect the cash collateral provided the terms of the order are satisfied.

9. In paragraph 6, the terms instruments and general intangibles are added. "Instruments" is defined to mean "a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation . . . of a type that in ordinary course of business is transferred by delivery with any necessary indorsement or assignment." *N.D.C.C. 41-09-02*. This is essentially checks. Similarly, "general intangibles" includes cryptocurrency like Bitcoin. *Id.* Because Riviera is granted a security interest in accounts receivable under the court's original order, including

2

"instruments" and "general intangibles" would be appropriate to avoid potential disputes as to whether checks or and cryptocurrency or other assets generally evidencing accounts receivable are covered.

10. New paragraph 13 makes clear that the terms of this order are binding should the Debtor's case be converted to chapter 7 or if a chapter 11 trustee is appointed. This provision is similar to and complementary to paragraph 12.

11. New paragraph 14 makes clear that the Court's order does not restrict any other rights or claims Riviera may assert in the future.

12. The Debtor believes that the requested changes better protect Riviera without providing any significant negative effects to other creditors. Without the ability to factor its accounts receivable, the Debtor's ability to successfully operate its business has been hampered. The Debtor believe that the requested financing will minimize disruption of the Debtor as a "going concern," will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its Estate. Accordingly, the Debtor respectfully requests that the financing be approved with the changes requested by Riviera.

**WHEREFORE**, the Debtor prays for entry of an Order in the form which is submitted.

Ahlgren Law Office, PLLC

Dated: August 1, 2024

/e/Erik A. Ahlgren
Attorney #191814
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlaw.net

ATTORNEY FOR DEBTOR

3

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-30168 |
| Stark Energy, Inc., | ) | Chapter 11, Subchapter V |
| | ) | |
| Debtor. | ) | |

**REVISED ORDER GRANTING MOTION FOR APPROVAL OF POSTPETITION FINANCING PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE**

On June 18, 2024, this Court issued an order approving post-petition financing pursuant to Section 364(c) of the Bankruptcy Code and granting the Debtor authority to enter into an agreement with Riviera Finance of Texas, Inc., d/b/a Riviera Finance ("Riviera") in which Riviera agreed to purchase Debtor's accounts receivable and/or to extend credit and financing as referenced and defined in the Security Agreement and related documents attached to the Debtor's original motion.

Riviera has refused to purchase Debtor's accounts receivable and/or to extend credit and financing pursuant to the terms of the Court's June 18, 2024 order and the Debtor has moved this Court for certain revisions to the order as proposed by Riviera.

The Court finds cause for granting the relief as requested by the Debtor. Therefore, based on the record before the Court,

IT IS ORDERED:

1. Debtor's Motion is **GRANTED.**

2. Debtor is authorized to sell and assign its accounts receivable to Riviera, subject to the terms of the Security Agreement, and is authorized to enter into the

Security Agreement, as amended and reaffirmed, and to execute all documents necessary to enter the agreement and provide security to Riviera.

3. Debtor is authorized and empowered to sell or "factor" accounts receivable with Riviera in such amounts as needed in the ordinary course of its business and not for any purpose prohibited by law.

4. Riviera shall hereby be determined to be the owner of accounts receivable purchased by it pursuant to the terms of the Security Agreement and the purchased accounts and all proceeds therefrom shall be the sole property of Riviera, and will not, when purchased by Riviera, constitute property of the Estate, and shall be free and clear of any liens interests and encumbrances other than the liens, security interests and rights granted to Riviera.

5. e the sole property of Riviera, and will not, when purchased by Riviera, constitute property of the Estate, and shall be free and clear of any liens interests and encumbrances other than the liens, security interests and rights granted to Riviera.

~~3.~~ The proceeds of the sale of accounts under the Security Agreement and this Order shall be considered Riviera's cash collateral pursuant to Bankruptcy Code Section 363(a). The Debtor may use such cash collateral for its reorganization, subject to compliance with the terms of the Security Agreement and this Order. The Debtor's authority to use cash collateral shall terminate automatically, without further order of the Court, upon the occurrence of any of the following: (a) appointment of a trustee in place of the Debtor-in-Possession; (b) dismissal of the Debtor's bankruptcy case or conversion of the Debtor's case to case under Chapter 7; (c) cessation of the Debtor's

business operations; and (d) material breach of the Security Agreement, or this Order by the Debtor, not cured within ten (10) days' written notice of such breach.

4.6.   Pursuant to § 364(c)(2) of the Bankruptcy Code, as security for the payment of all obligations and liabilities of Debtor to Riviera, including but not limited to Riviera's attorneys' fees and expenses in connection with the negotiation, documentation, closing and enforcement of the continued factoring arrangement (the "Indebtedness"), Riviera is granted a first priority security interest in and lien on all of Debtor's postpetition accounts, accounts receivable, reserve accounts, rebates, instruments, general intangibles and all books and records pertaining to accounts, together with all proceeds and products of this property (the "Collateral"). For the avoidance of doubt, Riviera is not granted a security interest in prepetition Collateral pursuant to this Order. The guarantee of Matthew Barnett is not in effect with respect to any postpetition financing.

5.7.   The Indebtedness owed to Riviera shall constitute a superpriority administrative expense claim under § 364(c)(1) of the Bankruptcy Code, which shall be deemed allowed, without any filing by Riviera, and which shall have priority over any and all administrative and other expenses in the Bankruptcy case, including but not limited to those set forth in §§ 503(b) and 507(b) of the Bankruptcy Code, and all costs, fees and expenses incurred in this Chapter 11 proceeding or any subsequent proceeding, including one under Chapter 7; provided, however, Riviera will not have priority over the claims of the Subchapter V Trustee with respect to unpurchased accounts receivable in the amount of $1,500 per month, which amount shall be paid into a retainer for the Subchapter V Trustee from unpurchased accounts receivable or from

3

funds paid by Riviera to Debtor for the purchase of accounts receivable with the first payment on July 1, 2024, and each subsequent retainer payment made on the first of each month after this date. Nothing in this section will create a lien, interest, or priority claim in causes of action under 11 U.S.C. §§s 544, 545, 547, 548 and 549.

6.8.   The security interests and liens granted to Riviera in the Security Agreement are deemed validly granted, duly attached, and properly perfected without the need of any additional actions being taken by or on behalf of Riviera, including but not limited to the filing or recording of Uniform Commercial Code financing statements. If Riviera elects to file or record its Security Agreement, Debtor is authorized to execute all documents required by Riviera to do so.

7.9.   Absent the express written consent of Riviera, there shall not be granted to any party a lien on any of the Collateral equal with the lien granted to Riviera.

8.10.  All fees and costs incurred by Riviera, including attorneys' fees incurred in negotiating, documenting, and closing the postpetition financing, including but not limited to obtaining Bankruptcy Court approval of the Security Agreement, shall be paid by Debtor without further order of this Court. At Riviera's sole discretion, these fees may be paid by deductions, at such times and in such amounts, as determined by Riviera, from sums paid to Debtor by Riviera on account of Riviera's purchase of Debtor's accounts.

9.11.  Nothing in the Security Agreement and any of the documents executed and taken in connection with the postpetition financing, or this Order, may be interpreted to require Riviera to purchase accounts receivable of Debtor or to advance funds to or for the benefit of Debtor, such being in the sole discretion of Riviera.

12. Riviera is afforded the protection of § 364(e) of the Bankruptcy Code with regard to the reversal or modification on appeal of this Order, or to the modification, vacating, or other amendment of this Order by this Court.

13. This Order and all the terms and conditions of the Security Agreement executed in connection with the Post-petition Financing shall be binding upon any trustee appointed in this or any subsequent case under the Bankruptcy Code, be it under Chapter 7 or Chapter 11, and the Trustee's respective successors and assigns.

~~10.~~14. The entry of this Order and the execution, delivery and performance under the Security Agreement, or any other documents executed in connection therewith, do not constitute a compromise, waiver or other relinquishment of any right of Riviera at law, in equity, or otherwise, including, but not limited to, any right of Riviera to request and to obtain additional relief under the Bankruptcy Code.

~~11.~~15. The automatic stay provisions of 11 U.S.C. § 362 are lifted and terminated to enable Riviera to implement the provisions of this Order: (a) permitting Riviera to purchase accounts receivable of Debtor, to receive collections of Riviera's collateral, and to apply those collections to the Indebtedness owing to Riviera; (b) permitting Riviera to apply any funds on deposit in Debtor's reserve account to the Indebtedness; and (c) permitting Riviera to set off any amounts in reserve against Indebtedness now existing or hereafter incurred without further order of this Court.

~~12.~~16. Debtor shall give supplemental notice of this Order and the Court's approval of the postpetition financing to the creditors and all interested parties who received notice of the instant Motion.

5

13.17. This order shall be effective immediately notwithstanding Bankruptcy Rule 6004(h).

Dated:

                                          Shon Hastings, Judge
                                          United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Stark Energy, Inc.

Case No.: 24-30168
Chapter 11, Subchapter V

Debtor.

## NOTICE OF MOTION

The Debtor filed and served a Motion for a Revised Order Granting Post-Petition Financing Pursuant to Sections 364(c) and (d) of the Bankruptcy Code dated August 1, 2024.  Your rights may be affected in the action.  You should read the papers carefully and discuss the matters with your attorney if you have one.  If you want the court to consider your views you should mail a written response to the action, within 14 days of the date of mailing of this document, and file the response with the Clerk of Bankruptcy Court.

Clerk, U.S. Bankruptcy Court
Quentin N Burdick U.S. Courthouse
655 First Ave N – Ste 210
Fargo ND  58107-4932

Dated:  August 1, 2024

/s/ Erik Ahlgren
Erik Ahlgren (ND #09561)
Ahlgren Law Office, PLLC
220 W Washington Ave. Ste 105
Fergus Falls MN  56537
218-998-2775
erik@ahlgrenlawoffice.net