UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

**Stark Energy, Inc.**                                              Bankr. No. 24-30168

        **Debtor**                                                            Chapter 11

### ACTING US TRUSTEE OBJECTION TO SUBCHAPTER V PLAN

      The Acting United States Trustee (UST) objects to the Stark Energy, Inc. Subchapter V Plan of Reorganization (Plan") (Doc. No. 69) In support of her objection, she states the following:

1. The UST has standing to object under 28 U.S.C. § 586 and 11 U.S.C. § 307.

2. The Plan is based on the Debtor prevailing over Gate City's motion for relief from the stay. Since Gate City prevailed, the Plan should be revised accordingly.

3. Art. 3.4 should delete the line"[i]f the plan is confirmed non-consensually" regarding the Subchapter V Trustee's post-confirmation fees. Although a consensual plan should discharge the subchapter V trustee after the Notice of Substantial Confirmation is filed, there may be an instance where a motion to dismiss or modification is proposed that requires post-confirmation work by the Subchapter V Trustee.

4. Art. 3.4 is based on the professionals providing consent to be paid over a period. The Plan does not indicate whether the Subchapter V Trustee consents to a payment over time, wherein he is entitled to payment on the effective date under Section 1129(a)(9)(A). Upon information and belief, the Subchapter V Trustee agreed to be paid periodically pre-confirmation but has not consented to being paid over time post-confirmation.

1

5.      Class 9 Treatment is at odds with Section 1129(a)(9)(B) because it is making payments over time.  Section 1129(a)(9)(B) states that deferred payments to claims allowed under Section 507(a)(4) (wage claims) are only permissible if the class votes to accept the Plan. If Class 9 does not accept the Plan, the Debtor must pay the claims on the effective date.

6.      Class 10 provides that payments totaling $81,000 will commence on October 1, 2024 and occur every six months thereafter but that professional fee payments (estimated $50,000) will be paid ahead of the Class 10 payments from the $81,000 fund.  The Class 10 payments described in Exhibit D are listed monthly, commence on October 1st, and include large front payments of $8000 per month and $500 per month thereafter.  The explanation is vague and misleading because the class is implied to be getting $81,000 but is actually receiving approximately $31,000.   The Plan should provide the commencement date of the Class 10 payments after the professionals are paid in approximately March of 2025.

7.      In Article 8.7, the Debtor provides that it will file periodic disbursement reports when due.  Post-confirmation, Subchapter V cases do not require periodic disbursement reporting to the US Trustee and the Court, as the disbursements reports were for the purpose of calculating quarterly fees under 28 U.S.C. § 1930(a)(6).  The Plan otherwise provides for reporting to the Subchapter V Trustee if the Plan is confirmed non-consensually at Article 7.5. Therefore, Article 8.7 may be deleted.

8.      Exhibit A Liquidation Analysis is incomplete.  No value provided for secured creditor  claims.   The Debtor can't just say the claims will be paid.  The Debtor must provide the value of the secured assets and/or the value of the assets not subject to security interests.

9.      The feasibility of the Plan and/or the reasonable likelihood that the Debtor can make payments under the Plan at Sections 1129(11) or 1191(c)(3) may be an issue.  At prior

hearings, the Debtor repeatedly represented that it would hire accountants or other qualified bookkeepers to improve its financial reporting after admitting that its financials were inaccurate. See, e.g. Dockets Nos. 14-15 (Small Business Operations/Cash Flow and Balance Sheet). As of this date, no professionals have been hired by the estate. Exhibit B projects revenues of $420,000 for July to December 2024, which is approximately $35,000 per month. The June MOR reported total cash receipts of $18,223.27 (Doc. 147). The partial April and May 20024 MOR reported total cash receipts of $2,957.89. The July MOR is due August 21, 2024 (today). The projections attached to the Plan appear to be based on the Debtor retaining the Gate City equipment; therefore, it not productive to go into further detail until an amended plan and projections are filed and served.

       WHEREFORE, the UST requests that the Court grant her objections herein and such other relief as appropriate.

Dated: August 21,2024                              MARY R. JENSEN
                                                      Acting U.S. Trustee Region 12

                                                      /s/ Sarah J. Wencil
                                                      Sarah J. Wencil
                                                      Trial Attorney
                                                      IA Atty # 14014
                                                      Office of the United States Trustee
                                                      U.S. Courthouse
                                                      300 South Fourth Street
                                                      Minneapolis, MN 55415
                                                      (612) 334-1350

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

**Stark Energy, Inc.**                                    Bankr. No. 24-30168

        **Debtor**                                                **Chapter 11**

---

**UNSWORN CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury that on August 21, 2024, I caused to filed electronically the following: Objection, thereby generating service by CM/ECF.

Executed on:    August 21, 2024

                                                /s/ Sarah J. Wencil
                                                Sarah J. Wencil
                                                Office of the United States Trustee