**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Stark Energy, Inc.,<br><br>              Debtor. | Case No.: 24-30168<br><br>Chapter 11, Subchapter V |

**GATE CITY BANK'S OBJECTION TO CONFIRMATION**
**OF DEBTOR'S PROPOSED CHAPTER 11 PLAN**

Gate City Bank (the "Bank"), by and through its undersigned counsel, respectfully submits this Objection (the "Objection") to confirmation of Debtor's Plan of Reorganization Under Subchapter V of Chapter 11 (the "Plan") filed on July 22, 2024 [ECF No. 144]. In support of the Objection, the Bank respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. This case was filed on April 23, 2024, and is pending before this Court. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This Objection is brought pursuant to 11 U.S.C. §§ 1129, 1190 and 1191.

**BACKGROUND**

**Titled Vehicle Collateral**

2. Debtor is obligated to the Bank pursuant to the terms of the nine (9) Promissory Notes (the "Titled Vehicle Notes") and Commercial Security Agreements. Debtor's titled vehicles that are subject to the Bank's perfected security interests include twenty-one (21) vehicles (hereinafter collectively, the "Titled Vehicle Collateral"):

| Collateral | VIN# |
|---|---|
| 2013 Dragon ESP LTD 200 BBL | 1UNST5343DS128172 |
| 2007 Kenworth | 1XKDP40X07R197151 |
| 2013 Dragon 200 BBL Alum. Tank Trlr | 1UNST5341DS128154 |
| 2013 Dragon 200 BBL Alum. Tank Trlr | 1UNST5340DS128162 |
| 2014 Dragon 200 BBL Alum. Tank Trlr | 1UNST5340ES128552 |
| 2012 Kenworth | 1XKWP4TX8CJ335970 |
| 2014 Kenworth W900 | 1XKWD49X1EJ413380 |
| 2013 Dragon 220 BBL Tank Trlr | 1UNST5348DS128118 |
| 2007 Reitnauer Trailer | 1RNF48A247R019280 |
| 2014 Kenworth | 1NKDX4TX3EJ403810 |
| 2013 Dragon 200 BBL AL Semi-Trailer | 1UNST5340DS128291 |
| 2014 Dragon 200 BBL AL Semi-Trailer | 1UNST5346ES140026 |
| 2016 Sidump'r Dump Trailer | 1D9FS4437GC688018 |
| 2016 Sidump'r Dump Trailer | 1D9FS4430GC688099 |
| 2013 Dakota MFG Dump Trailer | 1D9SH4339DY554348 |
| 2000 Midland MFG Dump Trailer | 2MFB2S3D5YR000651 |
| 2000 Midland MFG Dump Trailer | 2MFB2S4D3YR001148 |
| 2000 Midland MFG Dump Trailer | 2MFB2S3D3YR000650 |
| 2000 Midland MFG Dump Trailer | 2MFB2S3D7YR000652 |
| 1999 Midland MFG Dump Trailer | 2MFB2S4D4XR000542 |
| 2012 Dragon 150 BBL AL Trailer | 1UNST4223CL109253 |

3.      In September of 2023, the Bank commenced suit against Debtor and its President, Robert Fettig ("Mr. Fettig"), in Stark County District Court, Case No. 45-2023-CV-00689 (the "Replevin Lawsuit").  An Order for Prejudgment Seizure was entered on October 11, 2023, in the Replevin Lawsuit, requiring Debtor and Mr. Fettig to turn over the Titled Vehicle Collateral to the Bank.

4.      A Judgment against Debtor and Mr. Fettig and in favor of the Bank was entered on December 29, 2023, in the Replevin Lawsuit in the sum of $427,608.87.

5. On March 15, 2024, the Stark County Sheriff's Department served a search warrant at Yuker Towing & Repair, LLC located at 3046 Hwy 22, Dickinson, ND 58601. Seventeen (17) of the original twenty-one (21) pieces of equipment were recovered (the "Recovered Vehicle Collateral") by the Stark County Sheriff's Department.

6. The Recovered Vehicle Collateral were scheduled for auction at Pifer Auction in Steele, North Dakota, to begin bidding on April 23, 2024; however, the auction was halted when Debtor filed this Chapter 11, Subchapter V case early on the morning of the auction.

7. The Bank filed its Motion to Lift Stay (the "Motion") [ECF No. 16] on May 1, 2024. The matter came before the Court for an evidentiary hearing on July 9 and 10, 2024, and after supplemental briefing and oral argument on the matter, the Court awarded the Bank relief from the automatic stay to proceed to sell the Titled Vehicle Collateral in its possession, and for turnover of three additional items of Titled Vehicle Collateral [ECF No. 150].

8. The Bank filed its Proof of Claim No. 19 on July 2, 2024, for the debt owing on the Titled Vehicle Notes.

**Shop Property**

9. Debtor is also obligated pursuant to the terms a Promissory Note and Mortgage on Debtor's shop and real property in Belfield, North Dakota (the "Shop Property").

10. The Bank filed its Proof of Claim No. 20 on July 2, 2024, for the debt owing on the Shop Property Mortgage.

**OBJECTION**

11. Debtor has failed to produce accurate schedules. During the evidentiary hearing on the Bank's Motion, Mr. Fettig testified in great detail as to the various personal property that was located at the Shop Property (as shown in photographs). This personal property was

3

not included in Debtor's schedules. Additionally, after the Court granted the Bank's Motion, Debtor removed certain parts and accessories from two additional vehicles that were ordered to be surrendered to the Bank prior to delivering them to the Bank's possession. Counsel for the Debtor indicated that because the Bank did not have a perfected security interest in "accessions," but just a perfected interest in the actual titled vehicle, that the stripped parts were not part of the Bank's collateral. Debtor still has not amended its schedules to include this removed property and/or factored it into the Liquidation Analysis of the Plan. The Plan is not confirmable without Debtor first providing accurate and complete schedules. *See* 11 U.S.C. § 541(a); Fed. R. Bankr. P. 1007(b)(1)(A); *In re Soost*, 290 B.R. 116, 126 (Bankr. Minn. 2003) ("Full and accurate disclosure on bankruptcy schedules is incumbent on any debtor." (citations omitted)).

12. Debtor has failed to file tax returns. Mr. Fettig testified at the meeting of creditors that Debtor had failed to file state and federal tax returns. Mr. Fettig further testified that Debtor would be retaining an accountant to assist in the preparation of the delinquent returns. To date, Debtor has not filed an application to retain an accountant, nor has there been any indication that Debtor has completed the delinquent returns. The Plan is not confirmable without Debtor's completion of the delinquent returns. *See* 11 U.S.C. §§ 1116 & 1187.

13. The projections in the Plan are entirely speculative. The Debtor cannot demonstrate historical cash flow without having done its tax returns or providing any sort of financial documentation.

14. The Plan is not fair and equitable. With respect to the Shop Property, the Plan acknowledges that the Bank is oversecured. *See* ECF No. 144, at 9. Additionally, the Note and Mortgage entitled the Bank to recover from Debtor is attorneys' fees with respect to the

4

Shop Property. Accordingly, Debtor is obligated to pay such fees in bankruptcy. *See also* 11 U.S.C. § 506(b); *In re Schriock Const., Inc.*, 104 F.3d 200 (1997) (oversecured creditor was entitled to fees under the Bankruptcy Code, despite North Dakota statute invalidating fee provisions in security agreements). Nevertheless, the Plan does not include for the payment of the Bank's attorneys' fees. *See* ECF No. 144, at 9-10. The Plan is not confirmable without providing Debtor fair and equitable treatment—i.e., without payment of the Bank's attorneys' fees—with respect to the Shop Property.

15. The Plan is not feasible. Specifically, as explicitly acknowledged by Debtor, the Plan assumed that Debtor would be able to utilize the Titled Vehicle Collateral—

> Pending at the time of this Plan's filing is a motion for relief from the automatic stay that, in turn, has been the subject of multiple days of testimony. The Debtor assumes, without being presumptive, success on that motion, in crafting these projections. <u>If the Debtor is not reunited with the equipment that underlies so much of the Debtor's business, financial projections will, for self-evident reasons, require significant revision in a markedly downward direction</u>. Should such an eventuality come to pass, this Plan will be seasonably amended.

*See* ECF No. 144, at 2 (emphasis added); *see also* ECF No. 24, at 2 ("The Vehicles are necessary for an effective reorganization. Without the Vehicles, the Debtor will not be able to produce sufficient revenue to fund an effective plan of reorganization or pay back his creditors."). Debtor has not amended the Plan despite its loss of the Titled Vehicle Collateral to the Bank. Accordingly, the Plan is not feasible in its current form. *See* 11 U.S.C. § 1129(a)(11).

16. Additionally, Mr. Fettig is the defendant in two (2) criminal cases related to defrauding the Bank as to the Titled Vehicle Collateral. *See North Dakota v. Fettig*, Court Fil

5

No. 45-2024-CR-00277. The case is currently scheduled for trial in October of 2024. *Id.*[1] The Plan does not make any contingencies for Mr. Fettig being convicted and incarcerated, but instead identified that "Debtor will continue to be managed by Robert Fettig[.]" ECF No. 144, at 12. Without a contingency in place, the Plan is not feasible in its current form. *See* 11 U.S.C. § 1129(a)(11).

17.     The Plan has not been proposed in good faith. In approving the Bank's Motion, this Court has already determined that Debtor did not file bankruptcy in good faith. Debtor's bad faith in filing precludes confirmation of the Plan. *See* 11 U.S.C. § 1129(a)(3).

## RESERVATION OF RIGHTS

18.     The Bank reserves the right to amend or supplement the Objection and/or join in any objections filed by the Subchapter V Trustee, the United States Trustee, or any other interested party.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Bank requests that the Court sustain its objection and deny confirmation of the Plan, and grant such other and further relief as deemed just and equitable.

---

[1] Mr. Fettig is also the defendant in another criminal case for similarly defrauding another creditor of its collateral (Midland States Bank). *See North Dakota v. Fettig*, Court Fil No. 45-2024-CR-00157. This case is also scheduled for trial in October of 2024. *Id.*

Dated this 21st day of August, 2024.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
    Caren W. Stanley (#06100)
    Drew J. Hushka (#08230)
    cstanley@vogellaw.com
    dhushka@vogellaw.com
    218 NP Avenue
    PO Box 1389
    Fargo, ND 58107-1389
    Telephone: 701.237.6983
    ATTORNEYS FOR GATE CITY BANK

# + UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| In Re: | Case No.: 24-30168 |
|---|---|
| Stark Energy, Inc., | Chapter 11, Subchapter V |
| Debtor. | **CERTIFICATE OF SERVICE** |

I hereby certify that on August 21, 2024, the following document:

### GATE CITY BANK'S OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 11 PLAN

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

**ALL PARTIES BY ECF**

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley* _____
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
ATTORNEYS FOR GATE CITY BANK

8