## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

---

In re:

Stark Energy, Inc.,

        Debtor.

Chapter 11, Subchapter V
Case No. 24-30168

---

## FIRST AMENDED PLAN OF REORGANIZATION
## UNDER SUBCHAPTER V OF CHAPTER 11

---

## ARTICLE 1: SUMMARY

A.  Summary of Plan

This chapter 11 plan of reorganization (the "Plan") proposes to pay creditors of Stark Energy, Inc. ("Debtor") with all the projected disposable income of the Debtor for a sixty-month period, with various secured creditors receiving promissory notes at the close of that period that, in turn, provide for continued payments to be made into the future. The Plan has eight secured classes, one unsecured priority class, one unsecured non-priority class, and one class for equity interests. As required by the Bankruptcy Code, this Plan provides for full payment of administrative claims.

Each creditor should thoroughly read this Plan for an explanation of the precise treatment of applicable claims. **Please read all sections carefully and discuss them with your attorney, as your rights may be affected. If you do not have an attorney, you should consult with one.**

The Debtor strongly encourages all creditors to vote in favor of the Plan.  The Plan is in the best interests of creditors because the Debtor's continued operations will generate cash flow for distribution to creditors.  The alternative to confirmation of the Plan, and distribution of the payments required under the Plan, is a chapter 7 liquidation.  The liquidation analysis attached as Exhibit A demonstrates that unsecured creditors will receive more under the proposed plan than they would under a chapter 7 bankruptcy liquidation.

The Debtor's cashflow projections are attached as Exhibit B, and these projections confirm that the Debtor generates sufficient cash flow to fund the payments due under the Plan. To the extent that there is a shortfall, Robert Gene Fettig, the equity holder, has committed to reducing his compensation to avoid a default.

B.  <u>History of the Debtor</u>

In 2017, the Debtor began operating as a hauling company. To purchase some of the equipment needed to operate, the Debtor took out loans from various sources including a bank. The vast majority of the Debtor's business centered on the North Dakota oil fields. The Debtor initially operated smoothly, having good cashflow and meeting the payment obligations attendant to its loans.

Then in 2019, the Debtor's principal, Robert Fettig, bought out his partner for $150,000. In ordinary circumstances, the entity would have been able to handle the debt service occasioned by the buy-out. Unfortunately, Mr. Fettig was not able to foresee the instability that would be caused by the COVID pandemic just months later.

As a result of the pandemic, there was a worldwide slump in the demand for oil. In fact, at the time, there were news reports of smog clearing so that the Taj Mahal could be viewed without this impediment and even, for a short time, the negative price of oil. As a result of the downturn in the oil business, North Dakota oil fields were being pulled out of production and the Debtor was forced to look for other industries in which to ply its trade. The Debtor was also required to take on additional debt and receive funds from government programs enacted to retain employees and assist small businesses through the ongoing COVID pandemic.

Following the pandemic, the Debtor's business began to recover. However, due to the Debtor's inexperience in these new industries and the large amount of debt it had accrued, any recovery the Debtor experienced was insufficient in the face of rising expenditures and a falling workforce.

In 2023, creditors began foreclosure proceedings on the Debtor's equipment. The Debtor's other creditors learned of this and began demanding—and in some cases taking—the Debtor's assets to they felt they were entitled. Due to this, the Debtor lost possession of the vast majority of its equipment assets. It was these actions that caused the Debtor to file for bankruptcy protection with the intent to continue its business and to repay its debts to the best of its ability as required by the Bankruptcy Code. On July 24, 2024, the Court granted Gate City Bank relief from the Bankruptcy Code's automatic stay and allowed Gate City Bank to repossess and sell its equipment collateral. However, the Debtor has been able to obtain the return of other equipment during the course of the bankruptcy. The Debtor remains committed to reorganizing its business and believes that, through this Plan, it will be able to pay its creditors substantially more than if the company was liquidated for the benefit of a few of its secured creditors.

## ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

Class 1 is the Secured Claim of Alliance Funding Group (POC #2). Class 1 is impaired and entitled to vote.

Class 2 is the Secured Claim of Ally Bank (POC #4). Class 2 is impaired and entitled to vote.

Class 3 is the Secured Claim of Financial Pacific Leasing, Inc. (POC #5). Class 3 is impaired and entitled to vote.

Class 4 is the Secured Claim of m2 Equipment Finance LLC (POC#9). Class 4 is impaired and entitled to vote.

Class 5 is the Secured Claim of Regions Bank (POC #16). Class 5 is impaired and entitled to vote.

Class 6 is the Secured Claim of Gate City Bank (POC #19). Class 6 is unimpaired and not entitled to vote.

Class 7 is the Secured Claim of Gate City Bank (POC #20). Class 7 is impaired and entitled to vote.

Class 8 is the Secured Claim of Yuker Towing (POC #21). Class 8 is impaired and entitled to vote. The Debtor reserves the right to object to this claim following confirmation. If the secured portion of the claim is found to be invalid, the remaining portion of the claim will be treated as unsecured in the amount found to be appropriate by the court.

Class 9 consists of all allowed priority claims against the Debtor. Class 9 is impaired and entitled to vote.

Class 10 consists of the allowed general unsecured claims against the Debtor, including the unsecured deficiencies correlative to undersecured claims. Class 10 is impaired and entitled to vote.

Class 11 consists of all allowed equity interests in the Debtor.  Class 11 is unimpaired and not entitled to vote.

### ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND COURT FEES

3.1    Unclassified Claims. Pursuant to Bankruptcy Code Section 1123(a)(1), this Plan has not included Administrative Expenses or Priority Tax Claims within any Class.

3.2    Priority Tax and Wage Claims. Each holder of a priority claim will be paid in accordance with the following:

a.    Internal Revenue Service. The United States Internal Revenue Service holds a

claim of $5,800.57 which is entitled to priority under 11 U.S.C. §507(a)(8). In accordance with §1129(a)(9)(C), this claim will be paid in full with annual interest of 4% per annum based on payments of $119.58 per month for 53 months, so as to ensure this claim is paid, in full, within five years of the petition date.

b.  <u>Office of the Tax Commissioner.</u> The North Dakota Office of the Tax Commissioner holds a claims of $51,048.42 which is entitled to priority under 11 U.S.C. §507(a)(8). In accordance with §1129(a)(9)(C), this claim will be paid in full with annual interest of 4% per annum based on payments of $1,052.36 per month for 53 months, so as to ensure this claim is paid, in full, within five years of the petition date.

c.  <u>Wage Claims.</u> There are three wage claims denoted as being priority claims, all of which have been placed in Class 9. These claims total $13,250.62 and will be paid in accord with the treatment of Class 9.

3.3    <u>Administrative Expenses:</u>  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor believes there are no unpaid administrative expense claims that are past due.

3.4    <u>Professional Fees.</u> The Debtor's attorneys and the Subchapter V Trustee, Thomas Kapusta may submit a final application for compensation and reimbursement of expenses following entry of the confirmation order in this case and the Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.  The Debtor estimates its attorney's fees to be paid post-confirmation to be $50,000.00 in addition to the retainer paid pre-petition. The Debtor has paid a retainer to the Subchapter V Trustee as approved by the Court's order. All post-confirmation professional fees will be set off against the periodic payments otherwise payable to the General Unsecured Creditors (Class 10 Claims). The professional fees shall be paid in full before any Class 10 Claims are paid. The post-confirmation fees of the Subchapter V Trustee shall be subject to approval by the Court pursuant to 11 U.S.C. § 503(b). Upon Court approval of any post-confirmation fees, the Debtor will pay the approved expense as soon as reasonably possible in the ordinary course of business, unless otherwise agreed.

## ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS

**Class 1: Secured Claim of Alliance Funding Group (POC #2).** The Class 1 Claim, with a balance of $14,000.00 will be paid in full, with an annual interest rate of 8.5%, based on sixty (60) equal principal and interest payments of $287.23 per month beginning August 1, 2024.

| Collateral | Value | Secured Debt | Monthly | Interest | Term |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 2017 Volvo (VIN 4V4NC9EH3HN974302) | $14,000.00 | $14,000.00 | $287.23 | 8.5% | 5 Years |

Other than as specifically modified by the Plan, the terms of the debt, security, and perfection documents executed by the Debtor in favor of Alliance Funding Group will remain unaltered and fully enforceable. Alliance Funding Group shall retain its lien in the collateral.

Debtor shall maintain insurance on the collateral as provided in Equipment Finance Agreement #21-12855. Debtor will provide Alliance Funding Group with acceptable proof of insurance coverage upon request.

In the event of a default with respect to the Plan provisions applicable to Alliance Funding Group, the Bank shall send written notice of the default to Stark and its counsel. Email notice fulfills the written notice requirement. Stark shall have a ten (10) day period in which to cure the default. If Stark fails to cure such default, the AFG shall have relief from stay in the Bankruptcy Court with respect to the Collateral without the need for further application to the Bankruptcy Court and may then exercise its rights with respect to the Collateral pursuant to applicable non-bankruptcy law. In addition, if Stark fails to cure such default, Stark shall turn over the Collateral to AFG.

Class 1 is impaired and entitled to vote to accept or reject the Plan.

**Class 2: Secured Claim of Ally Bank (POC #4).** The Class 2 Claim, with a balance of $27,000.00 will be paid in full, with an annual interest rate of 8.5%, based on sixty (60) equal principal and interest payments of $532.51 per month beginning May 1, 2025.

| Collateral | Value | Secured Debt | Monthly | Interest | Term |
|---|---|---|---|---|---|
| 2022 Ram 2500 Crew Cab Limited (VIN: 3C6UR5SL7NG149608) | $37,000.00 | $37,000.00 | $532.51 | 8.5% | 8 Years |

Other than as specifically modified by the Plan, the terms of the debt, security, and perfection documents executed by the Debtor in favor of Ally will remain unaltered and fully enforceable. Ally shall retain its lien in the collateral.

Debtor shall maintain insurance on the collateral with deductibles consistent with those carried historically, with Ally named as loss payee, insuring the collateral for its full, insurable value against perils. Debtor will provide Ally with acceptable proof of insurance coverage upon request.

Any failure by the Debtor to make payment or provide proof of insurance that is not cured within 20-days of the date written notice of default is provided by Ally will allow Ally to submit an affidavit of default to the United States Bankruptcy Court for the

District of North Dakota, whereupon the Court will enter its order granting Ally relief from the stay so as to allow Ally to exercise its contract and state law remedies to foreclose against, recover, and dispose of the Collateral as its sole remedy.

Insofar as this Class is being over a period of time in excess of five (5) years, the Class will receive a secured promissory note, for the amount still due and owing hereunder, upon the conclusion of the 60th month of this Plan, with all subsequent payments to be made pursuant to the promissory note.

Class 2 is impaired and entitled to vote to accept or reject the Plan.

**Class 3: Secured Claim of Financial Pacific Leasing, Inc. (POC #5).** The Class 3 Claim, with a balance of $12,500.00 will be paid in full, with an annual interest rate of 8.5%, based on sixty (60) equal principal and interest payments of $256.46 per month beginning May 1, 2025.

| Collateral | Value | Secured Debt | Monthly | Interest | Term |
|---|---|---|---|---|---|
| 2018 Great Dane Trailer (VIN 1GRAA0620JW116152) | $12,500.00 | $12,500.00 | $256.46 | 8.5% | 5 Years |

Other than as specifically modified by the Plan, the terms of the debt, security, and perfection documents executed by the Debtor in favor of Financial Pacific will remain unaltered and fully enforceable. Financial Pacific shall retain its lien in the collateral.

Debtor shall maintain insurance on the collateral with deductibles consistent with those carried historically, with Financial Pacific named as loss payee, insuring the collateral for its full, insurable value against perils. Debtor will provide Financial Pacific with acceptable proof of insurance coverage upon request.

Any failure by the Debtor to make payment or provide proof of insurance that is not cured within 20-days of the date written notice of default is provided by Financial Pacific will allow Financial Pacific to submit an affidavit of default to the United States Bankruptcy Court for the District of North Dakota, whereupon the Court will enter its order granting Financial Pacific relief from the stay so as to allow Financial Pacific to exercise its contract and state law remedies to foreclose against, recover, and dispose of the Collateral.

Class 3 is impaired and entitled to vote to accept or reject the Plan.

**Class 4: Secured Claim of m2 Equipment Finance LLC ("m2").** The Class 4 Claim, with a balance of $85,000.00 will be paid in full, with an annual interest rate of 8.5%, based on ninety-six (96) equal principal and interest payments of $1,223.33 per month beginning May 1, 2025.

| Collateral | Value | Secured Debt | Monthly | Interest | Term |
|---|---|---|---|---|---|
| 2013 Peterbilt 367 Hydrovac VIN: 1NPTX4TX1DD202801 | $85,000.00 | $85,000.00 | $1,223.33 | 8.5% | 8 Years |

Other than as specifically modified by the Plan, the terms of the debt, security, and perfection documents executed by the Debtor in favor of M2 will remain unaltered and fully enforceable. M2 shall retain its lien in the collateral.

Debtor shall maintain insurance on the collateral with deductibles consistent with those carried historically, with M2 named as loss payee, insuring the collateral for its full, insurable value against perils. Debtor will provide M2 with acceptable proof of insurance coverage upon request.

Any failure by the Debtor to make payment or provide proof of insurance that is not cured within 20-days of the date written notice of default is provided by M2 will allow M2 to submit an affidavit of default to the United States Bankruptcy Court for the District of North Dakota, whereupon the Court will enter its order granting M2 relief from the stay so as to allow M2 to exercise its contract and state law remedies to foreclose against, recover, and dispose of the Collateral.

Insofar as this Class is being over a period of time in excess of five (5) years, the Class will receive a secured promissory note, for the amount still due and owing hereunder, upon the conclusion of the 60th month of this Plan, with all subsequent payments to be made pursuant to the promissory note.

Class 4 is impaired and entitled to vote to accept or reject the Plan.

**Class 5: Secured Claim of Regions Bank ("Regions").** The Class 5 Claim, with a balance of $100,000.00 will be paid in full, with an annual interest rate of 8.5%, based on ninety-six (96) equal principal and interest payments of $1,439.21 per month beginning May 1, 2025.

| Collateral | Value | Secured Debt | Monthly | Interest | Term |
|---|---|---|---|---|---|
| 2012 CZM Long Mast Drill Mounted on CAT 320d | $100,000.00 | $100,000.00 | $1,439.21 | 8.5% | 8 Years |

Other than as specifically modified by the Plan, the terms of the debt, security, and perfection documents executed by the Debtor in favor of Regions will remain unaltered and fully enforceable. Regions shall retain its lien in the collateral.

Debtor shall maintain insurance on the collateral with deductibles consistent with those carried historically, with Regions named as loss payee, insuring the collateral for its full, insurable value against perils. Debtor will provide Regions with acceptable proof of

insurance coverage upon request.

Any failure by the Debtor to make payment or provide proof of insurance that is not cured within 20-days of the date written notice of default is provided by Regions will allow Regions to submit an affidavit of default to the United States Bankruptcy Court for the District of North Dakota, whereupon the Court will enter its order granting Regions relief from the stay so as to allow Regions to exercise its contract and state law remedies to foreclose against, recover, and dispose of the Collateral.

Insofar as this Class is being over a period of time in excess of five (5) years, the Class will receive a secured promissory note, for the amount still due and owing hereunder, upon the conclusion of the 60th month of this Plan, with all subsequent payments to be made pursuant to the promissory note.

Class 5 is impaired and entitled to vote to accept or reject the Plan.

**Class 6: Secured Claim of Gate City Bank ("Gate City").** Pursuant to the Court's order dated July 24, 2024, Gate City was granted relief from the automatic stay to recover and sell the vehicles and equipment subject to Gate City's perfected security interest. All such vehicles and equipment in Debtor's possession have been turned over to Gate City. Accordingly, Gate City's Class 6 secured claim is unimpaired and not entitled to vote to accept or reject the Plan.

Gate City is expected to hold an unsecured claim in the amount of $365,000, which will be included within Class 10, subject to Gate City's obligation to amend its claim upon sale of the vehicles and equipment subject to its security interest. The amended claim amount will be included as an allowed unsecured claim if undisputed.

**Class 7: Secured Claim of Gate City Bank ("Gate City").** The Class 7 Claim, with a balance of $148,663.85 will be paid in full, with an annual interest rate of 8.5%, based on one-hundred-twenty (120) equal principal and interest payments of $1,843.22 per month beginning May 1, 2025.

| Collateral | Value | Secured Debt | Monthly | Interest | Term |
|---|---|---|---|---|---|
| Shop legally described as Lot 2, Block 1, Less the South 20 feet, within the Richard Subdivision in the SE1/4 of Section 29, Township 139 North, Range 99 West of the 5th Principal Meridian, Stark County, | $202,500.00 | $148,663.85 | $1,843.22 | 8.5% | 10 Years |

| North Dakota. SUBJECT to all prior and valid mineral reservations, restrictions, conveyances, easements and leases now of record. | | | | | |
|---|---|---|---|---|---|

Other than as specifically modified by the Plan, the terms of the debt, security, and perfection documents executed by the Debtor in favor of Gate City will remain unaltered and fully enforceable. Gate City shall retain its lien in the collateral.

Debtor shall maintain insurance on the collateral with deductibles consistent with those carried historically, with Gate City named as loss payee, insuring the collateral for its full, insurable value against perils. Debtor will provide Gate City with acceptable proof of insurance coverage upon request.

Any failure by the Debtor to make payment or provide proof of insurance that is not cured within 20-days of the date written notice of default is provided by Gate City will allow Gate City to submit an affidavit of default to the United States Bankruptcy Court for the District of North Dakota, whereupon the Court will enter its order granting Gate City relief from the stay so as to allow Gate City to exercise its contract and state law remedies to foreclose against, recover, and dispose of the Collateral.

Insofar as this Class is being over a period of time in excess of five (5) years, the Class will receive a secured promissory note, for the amount still due and owing hereunder, upon the conclusion of the 60th month of this Plan, with all subsequent payments to be made pursuant to the promissory note.

Class 7 is impaired and entitled to vote to accept or reject the Plan.

**Class 8: Secured Claim of Yuker Towing and Repair, LLC ("Yuker").** The Class 8 Claim, with a balance of $14,800.00 will be paid in full, with an annual interest rate of 8.5%, based on ninety-six (96) equal principal and interest payments of $244.67 per month beginning May 1, 2025.

| Collateral | Value | Secured Debt | Monthly | Interest | Term |
|---|---|---|---|---|---|
| 2007 International / VIN: 2HSCHSCT67C526165 And 500 bbl Frac Tanks (2) | $17,000.00 | $17,000.00 | $244.67 | 8.5% | 96 mo. |

Yuker will turnover to the Debtor all the Debtor's assets in its possession within seven (7) days of confirmation of this Plan. Other than as specifically modified by the Plan, the

terms of the debt, security, and perfection documents executed by the Debtor in favor of Yuker will remain unaltered and fully enforceable. Yuker shall retain its lien in the collateral notwithstanding turnover of the possession of the assets to the Debtor; provided, however, the Debtor reserves the right to object to Yuker's claim pursuant to the procedure set forth in Article 5. If the secured portion of the claim is found to be invalid, the remaining portion of the claim will be treated as unsecured in the amount found to be appropriate by the court.

Debtor shall maintain insurance on the collateral with deductibles consistent with those carried historically, with Yuker named as loss payee, insuring the collateral for its full, insurable value against perils to the extent Yuker's security interest in the collateral. Debtor will provide Yuker with acceptable proof of insurance coverage upon request.

Any failure by the Debtor to make payment or provide proof of insurance that is not cured within 20-days of the date written notice of default is provided by Yuker will allow Yuker to submit an affidavit of default to the United States Bankruptcy Court for the District of North Dakota, whereupon the Court will enter its order granting Yuker relief from the stay so as to allow Yuker to exercise its contract and state law remedies to foreclose against, recover, and dispose of the Collateral.

Insofar as this Class is being over a period of time in excess of five (5) years, the Class will receive a secured promissory note, for the amount still due and owing hereunder, upon the conclusion of the 60th month of this Plan, with all subsequent payments to be made pursuant to the promissory note.

Class 8 is impaired and entitled to vote to accept or reject the Plan.

**Class 9: Allowed Unsecured Priority Claims.** As noted in Section 3.2(b), *supra*, there exist three creditors holding claims for unpaid wages, totaling $13,250.62 in the aggregate. The Debtor reserves the right to dispute any of these claims pursuant to the procedure set forth in Article 5. In full satisfaction of these claims, the Debtor will pay $245.38 per month, for fifty-four (54) months, commencing on May 1, 2025. If the priority portion of any claim is found to be invalid, the remaining portion of the claim will be treated as unsecured in the amount found to be appropriate by the court and the payments required under Class 9 will be adjusted.

Class 9 is impaired and entitled to vote to accept or reject the Plan.

**Class 10: Allowed General Unsecured Claims.** "General Unsecured Claims" are not secured by property of the estate and not entitled to priority under Section 507 of the Code. As of the date hereof, the Debtor estimates the total pool of allowed general

unsecured claims to be approximately $3,984,425.19, delineated on Exhibit C.[1] This estimated amount includes the Gate City claim in the amount of $588,016.54, which will be included within Class 10, subject to Gate City's obligation to amend its claim upon sale of the vehicles and equipment subject to its security interest. A sale of the equipment described in Class 6 has taken place, but no amendment to the proof of claim has been filed as of the date hereof. The amended claim, subject to the dispute pursuant to Article 5, will be included in the pool of general unsecured claims.

Debtor reserves the right to dispute any of the claims pursuant to the procedure set forth in Article 5. In full satisfaction of all undisputed or allowed claims, each Holder of a Class 10 claim shall receive its pro rata share of $90,000.00 less projected professional fees over the length of this Plan. Assuming $50,000 in professional fees, as projected herein at Section 3.4, each Holder of a Class 10 claim shall receive its pro rata share of $40,000. As shown in Exhibit D, payments to the general unsecured creditors are projected to begin to accrue in May, 2025 and will be paid every six months (payments on November 1 and May 1 of each year) with the 10th and final payment on May 1, 2029, though the Debtor may, in its sole and absolute discretion, make payments more frequently. Each payment will be in the amount delineated on Exhibit D; provided, however, professional fees shall be paid in full before any Class 10 Claims are paid. See Section 3.4 of this Plan. Insofar as the Debtor has the right to make payments more frequently, Exhibit D shows payments on a monthly basis; should the Debtor adhere to the foregoing allowance of twice-annual payments, such will be in a sum equal to all payments due for the preceding six-month time periods. The calculation of payments pursuant to Class 10 will be determined by including all allowed unsecured claims on the date of the payment, which claims may be adjusted based on claims that have been amended or objected to through the terms of this Plan.

The percentage payment to each Class 10 creditor is reasonably anticipated to be approximately 1% of their respective claim(s), insofar as professional fees will be paid out of Class 10 before monies are made available to general unsecured creditors. Insofar as this case is still pending, and is amongst the more actively contested of Subchapter V proceedings, it is difficult to accurately estimate the final sum of professional fees that will be incurred herein.

Class 10 is impaired and entitled to vote to accept or reject the Plan.

**Class 11: Equity Interests.**  Equity interest holders are parties who hold an ownership interest in the Debtor.  The sole member of Class 11 is Robert Gene Fettig who holds a 100% interest in the Debtor. Mr. Fettig shall retain his equity interest in the Debtor on the Effective Date.

Class 11 is unimpaired and deemed to accept the Plan.

---

[1] Where a claim was marked as disputed on the Debtor's schedules, and no proof of claim was thereafter timely filed, the subject claim is indicated as being for $0.00 on Exhibit C.

## ARTICLE 5: ALLOWANCE OR DISALLOWANCE OF CLAIMS.

5.1     Disputed Claims. A "Disputed Claim" shall mean a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (a) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (b) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2     Payments and Distributions with Respect to Disputed Claims: No payments or distributions will be made on a disputed claim until such claim has been allowed by a final, non-appealable order. If the claim was listed as disputed and there was no proof of claim filed, the claim will not be paid. If there is a disputed claim and a proof of claim has been filed, the value of any disputed claimant's distribution will be held until the dispute is resolved. If the claim is resolved in whole or in part in favor of the claimant, the applicable portion of the held funds will be paid to the claimant. The remaining portion of the held funds will be paid to other creditors in the same class, along with the next regularly scheduled payment. Should an objection be sustained as to the sole claim in a given class, the remaining portion of held funds will be paid over to Class 10 creditors along with the next regularly scheduled payment.

5.3     Settlement of Disputed Claims:  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

At the time of filing, the Debtor had no executory contracts or unexpired leases. The Debtor nonetheless assumes all executory contracts and unexpired leases for (i) the provision of utility services to any building occupied by the Debtor; (ii) the provision of utility services to the Debtor; (iii) the provision of merchant loyalty rewards, whether in the form of points, coupons, or otherwise, to the Debtor; and (iv) the provision of insurance to the Debtor. All executory contracts or unexpired leases not assumed herein will be deemed to have been rejected by the Debtor.  A Proof of Claim arising from the rejection of any executory contract or unexpired lease must be filed with the Bankruptcy Court no later than 30 days after entry of the order confirming this Plan.

## ARTICLE 7: MEANS OF IMPLEMENTATION

7.1     Vesting and Future Income. On the Effective Date, all the Debtor's respective rights, title, and interest in and to all assets shall vest in the reorganized Debtor, and in accordance with section 1141 of the Bankruptcy Code.

7.2     Future Management.  The Debtor will continue to be managed by Robert Gene Fettig, who will be paid in accord with industry standards.

7.3    Preservation and Settlement of Causes of Action.  In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in this Plan, the reorganized Debtor shall retain all causes of action, including without limitation causes of action that may exist under sections 542, 544 through 550 and 558 of the Bankruptcy Code or under similar state laws (collectively, the "Retained Actions").  The Debtor does not expect to assert any Retained Actions.

7.4    Confirmation Pursuant to Section 1191(a) or 1191(b) of the Bankruptcy Code. The Debtor's petition for relief elected to have subchapter V of Chapter 11 to apply to its case. The Debtor intends to seek confirmation of this Plan under Section 1191 of the Bankruptcy Code. If all voting classes accept the Plan, the Debtor will seek confirmation pursuant to Section 1191(a).  If one or more voting classes do not accept the Plan, the Debtor will seek confirmation pursuant to Section 1191(b) as a non-consensual Plan. Under a non-consensual plan, the Debtor must demonstrate that the plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest that is impaired or has not accepted the plan.

7.5    Distribution of Plan Payments.  If the Plan is confirmed pursuant to 11 U.S.C. 1191(a) or 1191(b), the Debtor will make all payments under this Plan notwithstanding the provisions of the Bankruptcy Code. If the Plan is approved as a non-consensual plan under 1191(b), the Debtor shall submit quarterly reports to the Subchapter V Trustee reporting all proceeds received, all expenses paid, and all proceeds distributed under the plan.

7.6    Default.  For the avoidance of doubt, nothing contained in this section will limit or affect any remedies available to creditors under the Bankruptcy Code.

   (a)  Notice of Default: If the Debtor fails to timely make a payment due to any class of this Plan, or if the Debtor fails to timely pay his Professional Fees, the relevant creditor may send a written notice of default to the Debtor. Notices of default must be in writing and delivered by first class mail to: Stark Energy, Inc., C/O Robert Fettig, 1860 4th Avenue E, Dickinson, North Dakota 58601, with an email copy sent to the Debtor's attorneys listed in the signature block to this Plan.

   (b)  Remedy: Unless the Plan expressly provides otherwise, if the Debtor fails to cure within 20 business days of such notice from a creditor, the relevant creditor shall be entitled to file an affidavit of default and obtain stay relief with respect to any collateral subject to its liens. All unsecured creditors shall be entitled to treat this Plan as a contract and a default hereunder as a breach of contract by the Debtor.

## ARTICLE 8: GENERAL PROVISIONS

8.1    Definitions. The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply unless a term is otherwise defined in this Plan, and as supplemented by the following definitions:

- "Effective Date:" The effective date of this Plan is the first business day following the date that is 30 days after the confirmation order has become a final order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.2     Severability. If any term of this Plan is held by the Bankruptcy Court to be invalid or unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.3     Binding Effect of this Plan. The provisions of this Plan will be binding upon and inure to the benefit of the Debtor, any holder of a claim or equity interest, their respective predecessors, successors, assigns, agents, officers and directors and any other entity affected by this Plan.

8.4     Captions. Article and Section captions used in this Plan are for convenience only and will not affect the construction of this Plan.

8.5     Controlling Effect. Unless a bankruptcy statute or procedure is specified as controlling by federal law, the laws of the State of North Dakota shall govern this Plan and any agreements executed in connection with this Plan.

8.6     Court to Retain Jurisdiction. After the Effective Date, this Court shall retain and have exclusive jurisdiction of all matters arising out of, and related to the Debtor's bankruptcy case or this Plan pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code among other things, to: determine any and all disputes relating to administrative expenses, claims and equity interests, including the allowance and amount thereof; enforce or interpret the provisions of the Plan or the order confirming the Plan; determine any and all disputes; consider and allow any and all applications for compensation for professional fees; determine any and all applications, motions, adversary proceedings and contested or litigated matters pending on the Effective Date and arising in or related to the Plan; remedy any defect or omission or reconcile any inconsistency in this Plan; issue such orders, consistent with section 1142 of the Bankruptcy Code, as may be necessary to effectuate the consummation and full and complete implementation of this Plan; hear any other matter not inconsistent with the Bankruptcy Code; and enter a final decree closing the Debtor's bankruptcy case.

## ARTICLE 9: DISCHARGE

9.1     Discharge Under Consensual Plan. If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).  If the Plan is confirmed under 11 U.S.C. § 1191(a), the Debtor will file a Notice of Substantial Consummation not later than 14 days after the Plan is substantially consummated per 11 U.S.C. § 1183(c)(2).

9.2    <u>Discharge Under Non-Consensual Plan</u>. If the Debtor's Plan is confirmed under §
1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan
until the court grants a discharge on completion of all payments due within the first 3
years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be
discharged from any debt: (i) on which the last payment is due after the first 3 years of
the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a)
of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy
Procedure.

<div style="margin-left: 40%;">

Respectfully Submitted,

Ahlgren Law Office, PLLC

</div>

Dated: September 25, 2024          <u>/e/Erik A. Ahlgren</u>
                                   Erik A. Ahlgren
                                   North Dakota Bar No. 09561
                                   220 West Washington Ave, Ste 105
                                   Fergus Falls, MN 56537
                                   Office: 218-998-2775
                                   <u>erik@ahlgrenlawoffice.net</u>

                                   The Dakota Bankruptcy Firm

                                   <u>/s/ Maurice B. VerStandig</u>
                                   Maurice B. VerStandig
                                   District of Columbia Bar No. MD18071
                                   1630 1st Avenue N
                                   Suite B PMB 24
                                   Fargo, North Dakota 58102-4246
                                   Phone: (701) 394-3215
                                   mac@dakotabankruptcy.com

                                   ATTORNEYS FOR DEBTOR

**EXHIBIT A**

Exhibit A

ESTIMATED LIQUIDATION VALUE

| ASSETS[1] | | |
|---|---|---|
| | Cash on hand | $167.73 |
| | Accounts receivable | $0.00 |
| | Inventory | $0.00 |
| | Office furniture & equipment | $0.00 |
| | 2004 Ford F-150 / VIN: 1FTPX14524NB13169 | $4,500.00 |
| | 2010 Ford F-150 / VIN: 1FTFW1EV3AFB85081 | $2,600.00 |
| | 2019 Load Trail Bumper Hitch Trailer VIN: 4ZECH2225K1188720 | $6,500.00 |
| | 2019 Load Trail Dump Trailer VIN: 4ZEDT1427K2189694 | $8,500.00 |
| | 2011 Tiger Bumper Hitch Trailer VIN: 5UTBU1623BM000887 | $1,600.00 |
| | Building & Land<br>• ⸳Ꭵ ᗇ╫⧨ ⩜⩝⩜⧟┘⧟⧟⧟<br>• x¾⧫⧪⧠⧭⧮⦵⧯┘¾⫷⦹ ¾ ⧰╥⧱⧲┘⧟⧟⧟ | $53,836.15 |
| | Customer list | $100.00 |
| | Lawsuits or other claims against third-parties | 0.00 |
| | Other intangibles | $200.00 |
| Total Unsecured Assets | | $78,003.88 |
| LESS | Chapter 7 trustee fees and expenses (projected at 10% of unsecured value) | -7,800.00 |
| LESS | Chapter 11 administrative expenses | -50,000.00 |
| LESS | Priority Wage Claims | -13,250.62 |
| LESS | Priority Tax Claims | -56,848.99 |
| Assets Available for Unsecured Claims | | $0.00 |
| General Unsecured claims | | $3,984,425.19 |
| Percentage of Claims Which Unsecured Creditors Would Receive in a Chapter 7 Liquidation: | | 0% |
| Amount projected to be paid to unsecured creditors under Plan | | $40,000 |
| Percentage of Claims Which Unsecured Creditors Will Receive or Retain under the Plan: | | Approximately 1% |

---

[1] Value of unsecured assets listed

**EXHIBIT B**

## Projections

**2024**

**Gross Revenue**
**Salary - Mtg. Admin**
**Driver's wages**
**Fuel**
**Insurance**
**Maintance**
**Debit Servicing**

**2025**

**Gross Revenue**
**Salary - Mtg. Admin**
**Driver's wages**
**Fuel**
**Insurance**
**Maintance**
**Debit Servicing**

**2026**

**Gross Revenue**
**Salary - Mtg. Admin**
**Driver's wages**
**Fuel**
**Insurance**
**Maintance**
**Debit Servicing**

**2027**

**Gross Revenue**
**Salary - Mtg. Admin**
**Driver's wages**
**Fuel**
**Insurance**
**Maintance**
**Debit Servicing**

**2028**

**Gross Revenue**
**Salary - Mtg. Admin**
**Driver's wages**
**Fuel**
**Insurance**
**Maintance**
**Debit Servicing**

**2029**

**Gross Revenue**
**Salary - Mtg. Admin**
**Driver's wages**
**Fuel**
**Insurance**
**Maintance**
**Debit Servicing**

**\*With current Equipment**

| Sep. - Dec. 2024 |
|---|
| 210,000.00 |
| 40,000.00 |
| 54,700.00 |
| 52,500.00 |
| 15,270.96 |
| 23,529.04 |
| 19,000.00 |

| Jan. 1 - Dec 2025 |
|---|
| 1,020,000.00 |
| 189,800.00 |
| 265,200.00 |
| 255,500.00 |
| 109,500.00 |
| 100,000.00 |
| 100,000.00 |

| Jan. 1 - Dec 2026 |
|---|
| 1,122,000.00 |
| 228,500.00 |
| 291,720.00 |
| 280,500.00 |
| 120,390.60 |
| 104,889.40 |
| 93,184.00 |

| Jan. 1 - Dec 2027 |
|---|

1,234,200.00
249,542.60
320,892.00
308,550.00
132,429.66
125,785.74
93,184.00

**Jan. 1 - Dec 2028**

1,357,620.00
271,524.00
352,981.20
339,405.00
137,119.62
160,590.18
93,184.00

**Jan. 1 - Dec 2029**

1,493,382.00
283,742.58
388,279.32
373,345.50
150,831.58
201,183.02
90,660.00

**EXHIBIT C**

| Creditor | Class | Claim Number | Secured Amount | Priority Amount | General Unsecured Amount | Disputed on Schedules |
|---|---|---|---|---|---|---|
| Alliance Funding Group | 1 | 2 | $14,000.00 | $0.00 | $11,519.54 | No |
| Ally Bank c/o AIS Portfolio Services, LLC | 2 | 4 | $37,000.00 | $0.00 | $25,992.96 | No |
| Financial Pacific Leasing Inc. | 3 | 5 | $12,500.00 | $0.00 | $35,325.00 | Yes |
| m2 Equipment Finance LLC | 4 | 9 | $85,000.00 | $0.00 | $72,769.25 | No |
| Regions Bank | 5 | 16 | $100,000.00 | $0.00 | $189,883.50 | No |
| Gate City Bank | 6 | 19 | $0.00 | $0.00 | $365,000.00 | No |
| Gate City Bank | 7 | 20 | $148,663.85 | $0.00 | $0.00 | No |
| Yuker Towing and Repair LLC | 8 | 21 | $17,000.00 | $0.00 | $50,562.79 | No |
| Justin Bacon | 9 | 12 | $0.00 | $8,950.62 | $0.00 | No |
| Greg Moore | 9 | n/a | $0.00 | $3,000.00 | $16,125.94 | No |
| Office of State Tax Commissioner | n/a | n/a | $0.00 | $51,048.42 | $0.00 | No |
| Travis Vernon | 9 | n/a | $0.00 | $1,300.00 | $0.00 | No |
| Alliance Funding Group | 10 | 1 | $0.00 | $0.00 | $27,163.10 | No |
| Capital One, N.A. | 10 | 3 | $0.00 | $0.00 | $8,136.99 | No |
| Bryan A. Kostelecky | 10 | 6 | $0.00 | $0.00 | $34,211.24 | No |
| Daniel Paluck | 10 | 7 | $0.00 | $0.00 | $1,050.00 | No |
| Preble Medical Services Inc. | 10 | 8 | $0.00 | $0.00 | $560.00 | No |
| Mathew Barrett | 10 | 10 | $0.00 | $0.00 | $60,000.00 | No |
| Ebeltoft, Sickler Lawyers PLLC | 10 | 11 | $0.00 | $0.00 | $3,608.92 | No |
| Eduardo Ortiz | 10 | 13 | $0.00 | $0.00 | $14,624.09 | No |
| Keller Paving & Landscaping, Inc. | 10 | 14 | $0.00 | $0.00 | $56,548.91 | No |
| U.S. Small Business Administration | 10 | 15 | $0.00 | $0.00 | $2,140,311.64 | No |
| Midland States Bank | 10 | 17 | $0.00 | $0.00 | $212,601.67 | No |
| Daniel Gerstberger | 10 | 18 | $0.00 | $0.00 | $50,000.00 | No |
| Avanza Group, LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| CHTD Company | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Cloud Fund LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| CT Corporation System | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| River Capital Partners LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Adam Hammerle | 10 | n/a | $0.00 | $0.00 | $4,700.00 | No |
| Alexander Miller | 10 | n/a | $0.00 | $0.00 | $1,709.50 | No |
| Amerifi Capital LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Brad Cross | 10 | n/a | $0.00 | $0.00 | $8,046.39 | No |
| Bright Design Homes | 10 | n/a | $0.00 | $0.00 | $19,160.00 | No |
| Bryan Adolph Kostelecky | 10 | n/a | $0.00 | $0.00 | $18,338.48 | No |
| Cody Ford | 10 | n/a | $0.00 | $0.00 | $12,717.47 | No |
| Cody Laffitte | 10 | n/a | $0.00 | $0.00 | $2,000.00 | No |
| County Line Truck Stop | 10 | n/a | $0.00 | $0.00 | $12,877.41 | No |
| Craig Elser | 10 | n/a | $0.00 | $0.00 | $8,019.71 | No |

| Creditor | Class | Claim Number | Secured Amount | Priority Amount | General Unsecured Amount | Disputed on Schedules |
|---|---|---|---|---|---|---|
| Daniel Gerstberger | 10 | n/a | $0.00 | $0.00 | $50,000.00 | No |
| Daniel Paluck | 10 | n/a | $0.00 | $0.00 | $540.00 | No |
| DCI - Credit Services Inc. | 10 | n/a | $0.00 | $0.00 | $6,402.76 | No |
| Dustin O'Neill | 10 | n/a | $0.00 | $0.00 | $6,123.50 | No |
| Dylan Boykin | 10 | n/a | $0.00 | $0.00 | $21,988.75 | No |
| Dylan Newton | 10 | n/a | $0.00 | $0.00 | $750.00 | No |
| Dynasty Capital 26, LLC | 10 | n/a | $0.00 | $0.00 | $144,258.75 | No |
| Eduardo Ortiz | 10 | n/a | $0.00 | $0.00 | $14,624.09 | No |
| EN OD Captial LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Everyday Funding Group LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Garrett McKenzie | 10 | n/a | $0.00 | $0.00 | $10,022.60 | No |
| Helen George | 10 | n/a | $0.00 | $0.00 | $4,320.00 | No |
| Jason Lavigne | 10 | n/a | $0.00 | $0.00 | $0.00 | No |
| Jeffrey Schmitt | 10 | n/a | $0.00 | $0.00 | $13,842.40 | No |
| Jett Ogren | 10 | n/a | $0.00 | $0.00 | $7,475.10 | No |
| John C. Williams & Associates | 10 | n/a | $0.00 | $0.00 | $62,740.61 | No |
| Justin Bacon | 10 | n/a | $0.00 | $0.00 | $8,950.62 | No |
| Justin Lavigne | 10 | n/a | $0.00 | $0.00 | $14,146.09 | No |
| Kenneth Mack | 10 | n/a | $0.00 | $0.00 | $18,278.82 | No |
| Knbightbridge Funding LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Landmark Funding | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Linebarger Goggan Blair & Sampson, LLP | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Marcelino Gonzalez | 10 | n/a | $0.00 | $0.00 | $17,713.52 | No |
| Matthew Haberstroh | 10 | n/a | $0.00 | $0.00 | $6,597.86 | No |
| Michael Werner | 10 | n/a | $0.00 | $0.00 | $13,413.02 | No |
| Parkview Advance LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Patrick Volck | 10 | n/a | $0.00 | $0.00 | $6,900.00 | No |
| Pinnacle Business Funding LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Preble Medical Services Inc. | 10 | n/a | $0.00 | $0.00 | $560.00 | No |
| Quality Quick Print | 10 | n/a | $0.00 | $0.00 | $1,522.89 | No |
| Quent Lusk | 10 | n/a | $0.00 | $0.00 | $1,354.00 | No |
| Quinton Jenkins | 10 | n/a | $0.00 | $0.00 | $19,884.63 | No |
| Raymond Ibe | 10 | n/a | $0.00 | $0.00 | $543.75 | No |
| Ricardo Muzquiz | 10 | n/a | $0.00 | $0.00 | $12,080.00 | No |
| River Advance | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Robert Boatright | 10 | n/a | $0.00 | $0.00 | $12,327.00 | No |
| Robert Halder | 10 | n/a | $0.00 | $0.00 | $1,220.00 | No |
| Shannon Brock | 10 | n/a | $0.00 | $0.00 | $1,380.00 | No |
| Steven Kopp | 10 | n/a | $0.00 | $0.00 | $14,126.37 | No |

| Creditor | Class | Claim Number | Secured Amount | Priority Amount | General Unsecured Amount | Disputed on Schedules |
|---|---|---|---|---|---|---|
| Steven Stack | 10 | n/a | $0.00 | $0.00 | $487.50 | No |
| The Avanza Group LLC | 10 | n/a | $0.00 | $0.00 | $0.00 | Yes |
| Todd Griffiths | 10 | n/a | $0.00 | $0.00 | $11,093.48 | No |
| Valentin Mascorro | 10 | n/a | $0.00 | $0.00 | $11,471.31 | No |
| Western Equipment Solutions | 10 | n/a | $0.00 | $0.00 | $3,721.27 | No |

**EXHIBIT D**

| Date | Tax Claims | Class 1 | Class 2 | Class 3 | Class 4 | Class 5 | Class 6 | Class 7 | Class 8 | Class 9 | Class 10 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/1/2024 | $1,171.94 | $287.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,000.00 | $9,459.17 |
| 12/1/2024 | $1,171.94 | $287.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,000.00 | $9,459.17 |
| 1/1/2025 | $1,171.94 | $287.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,000.00 | $9,459.17 |
| 2/1/2025 | $1,171.94 | $287.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,000.00 | $9,459.17 |
| 3/1/2025 | $1,171.94 | $287.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,000.00 | $9,459.17 |
| 4/1/2025 | $1,171.94 | $287.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,000.00 | $9,459.17 |
| 5/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 6/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 7/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 8/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 9/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 10/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 11/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 12/1/2025 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 1/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 2/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 3/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 4/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 5/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 6/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 7/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 8/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 9/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 10/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 11/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 12/1/2026 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 1/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 2/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 3/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 4/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 5/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 6/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 7/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 8/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 9/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 10/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 11/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 12/1/2027 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 1/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 2/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 3/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 4/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 5/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 6/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 7/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 8/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 9/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 10/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |

| Date | Tax Claims | Class 1 | Class 2 | Class 3 | Class 4 | Class 5 | Class 6 | Class 7 | Class 8 | Class 9 | Class 10 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 12/1/2028 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 1/1/2029 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 2/1/2029 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 3/1/2029 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 4/1/2029 | $1,171.94 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $500.00 | $7,765.39 |
| 5/1/2029 | $0.00 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,593.45 |
| 6/1/2029 | $0.00 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,593.45 |
| 7/1/2029 | $0.00 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,593.45 |
| 8/1/2029 | $0.00 | $287.23 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,593.45 |
| 9/1/2029 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |
| 10/1/2029 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |
| 11/1/2029 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |
| 12/1/2029 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |
| 1/1/2030 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |
| 2/1/2030 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |
| 3/1/2030 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |
| 4/1/2030 | $0.00 | $0.00 | $553.95 | $256.46 | $1,223.33 | $1,439.21 | $0.00 | $1,843.22 | $244.67 | $245.38 | $1,500.00 | $7,306.22 |