NORTH
# Dakota | Labor and Human Rights
Be Legendary.™

## NORTH DAKOTA DEPARTMENT OF LABOR AND HUMAN RIGHTS
## WAGE CLAIM DETERMINATION

WAGE CLAIMANT: Justin Bacon                    CLAIM NUMBER: WC-38575

EMPLOYER: Stark Energy, Inc.

LABOR INVESTIGATOR: Morgan E.

DATE DETERMINATION ISSUED: January 3, 2024    WAGES DUE:              $2,230.62
                                              PENALTY WAGES DUE: $6,720.00
                                              TOTAL DUE:              $8,950.62

North Dakota state law authorizes the Commissioner of Labor (Commissioner) to determine whether wages are owed to employees by their employers or former employers. The Commissioner, or his representative, may investigate and hold hearings regarding the nonpayment of an employee's wages.  If the Commissioner, or his representative, determines that a claim for unpaid wages is valid, the Commissioner has the authority to enforce the determination by authorizing the North Dakota Attorney General to file a claim for relief in district court.  Penalties may also be assessed in accordance with state law.  The Commissioner may also arrange for the settlement of a claim.

This wage claim determination was reached as a result of the North Dakota Department of Labor and Human Rights' (Department's) investigation into a claim for unpaid wages and the application of state law found generally in North Dakota Century Code Chapter 34-14 and North Dakota Administrative Code Chapter 46-02-07.

---

## THE ORIGINAL CLAIM FOR WAGES AND SUPPORTING DOCUMENTS:

Justin Bacon, the claimant, filed a wage claim with the Department on September 24, 2023 (Exhibit 1).  On the Claim for Wages, the claimant alleges the following: he was employed as a Mechanic for "Stark Energy [Stark Energy, Inc., the employer]," from July 25, 2023 to September 1, 2023; his rate of pay was "[$]28.00/hr [per hour];" his employer failed to pay him wages for 33 hours of work performed, during the time period of August 19, 2023 to September 1, 2023; and he is seeking payment of the unpaid wages in the amount of "[$]924.00" (Id).

The claimant did not submit any documentation, in support of his position.

Doug Burgum                                    Nathan Svihovec
Governor                                       Commissioner

600 E Boulevard Ave., Dept. 406   |   Bismarck, ND 58505   |   labor@nd.gov   |   www.nd.gov/labor
PHONE: 701-328-2660   |   TOLL-FREE: 1-800-582-8032   |   ND RELAY TTY: 1-800-366-6888   |   VOICE: 1-800-366-6889   |   FAX: 701-328-2031

**THE EMPLOYER'S RESPONSE TO THE WAGE CLAIM AND SUPPORTING DOCUMENTS:**

Delene Fettig, the employer's Office Manager, provided a written response to the wage claim, dated November 14, 2023 (Exhibit 2).  The response states, in pertinent part (Id):

*In regards to the above referenced wage claim. Where the claimant [Justin Bacon] is seeking 33hrs [hours] of pay for pay period Aug[ust] 19-Sept[ember] 1, 2023 actually calculates to 25.08 hrs [hours] worked not 33hrs [hours].*

*The [C]ompany [Stark Energy, Inc., The employer] has reached out with a payment of $500.00 and a future scheduled amount of $1,000.00 within [one] [(]1[)] week.*

*The claimant is recently back to work for the [C]ompany and the past pay period in question will be finalized within the week. Any overage paid will be adjusted going forward with future pay periods.*

The employer did not submit any documentation, in support of its position.

**THE WAGE CLAIM DETERMINATION BY THE DEPARTMENT OF LABOR AND HUMAN RIGHTS:**

The Department has reviewed all submittals and arguments of all parties to the wage claim.  Based on the evidence submitted to the Department and applicable North Dakota law, a **determination of merit** has been made.  The Department looked at the evidence submitted by both parties to the claim and determined **Stark Energy, Inc.** does owe the claimant additional wages.

During the investigation, the claimant submitted the following documents, in support of his position:

- A photograph of his handwritten time records, of hours worked, during the time period of August 21, 2023 to October 9, 2023 (Exhibit 3);
- A copy of a North Dakota Department of Labor and Human Rights Complaint Inquiry, dated November 27, 2023, in which the claimant alleged he was owed an additional $2,032.00, in unpaid wages (Exhibit 4);
- Screenshots of an undated text message exchange, between the claimant and Robert Fettig, the employer's President, in which the claimant sent the employer a photograph of his handwritten time records, of hours worked, during the time period of October 30, 2023 to November 19, 2023 (Exhibit 5);
- A photograph of his handwritten time records, of hours worked, during the time period of October 30, 2023 to November 20, 2023 (Exhibit 6);
- A screenshot of an email invitation dated November 20 (2023), from "QuickBooks Time," stating, in part, "Stark Energy, Inc. has invited you to start tracking your time…," and including the claimant's user credentials for the employer's time tracking application (Exhibit 7);

2

- Screenshots of a text message exchange, dated November 19 (2023), between the claimant and Robert Fettig, the employer's President, discussing the work the claimant completed that day (Exhibit 8); and
- A photograph of his handwritten time records, for the entire course of the claimant's employment, (July 25, 2023 to November 20, 2023) (Exhibit 9).

During the investigation, the employer submitted the following documents, in support of its position:

- A document listing 17 "Cash App[lication] Payments" made to the claimant, totaling $5,515.58, during the time period of July 26, 2023 to November 24, 2023 (Exhibit 10);
- A copy of a "Notice," regarding its Policy related to "T-Sheets" documentation, signed and dated by the claimant, on July 25, 2023 (Exhibit 11);
- A copy of an itemization of the wages earned by the claimant, as calculated by the employer, during the time period of July 22, 2023 to September 1, 2023, including some "T-Sheets" and a handwritten invoice (Exhibit 12);
- A letter, dated December 18, 2023, from Delene Fettig, the employer's Office Manager, to the Department, describing the claimant's supervisory issues and disputing the claimant is owed additional wages (Exhibit 13);
- An email, dated December 27, 2023, from Delene Fettig, the employer's Office Manager, to the Department, stating the employer has "processed the handwritten hours that the [c]laimant has created after the fact," and denying that the claimant was awarded a pay increase from $28.00 per hour to $32.00 per hour (Exhibit 14);
- A copy of an itemization of the wages earned by the claimant, as calculated by the employer, during the time period of August 21, 2023 to November 20, 2023, and showing 30-minute deductions for lunch breaks (Exhibit 15); and
- A copy of a "Notice," regarding its Policy related to 30-minute breaks, signed and dated by the claimant, on July 25, 2023 (Exhibit 16).

**Unpaid Wages**

The claimant alleged the employer failed to pay him for 33 hours of work performed, during the time period of August 19, 2023 to September 1, 2023 (Exhibit 1).  The claimant also alleged his rate of pay was "[$]28.00/hr [per hour]" (Id). According to the claimant, the employer owes him "[$]924.00" in unpaid wages for work performed, during the relevant time period (Id).

The employer admitted it owes the claimant additional wages, for work performed, but stated it only owes the claimant for 25.08 hours of work performed, during the relevant time period (Exhibit 2). The employer also stated it has "reached out [to the claimant] with a payment of $500.00 and a future scheduled amount of $1,000.00 within [one] [(1)] week" (Id). According to the employer, the claimant was recently re-hired by the employer (Id).

The claimant notified the Department, on November 16, 2023, that he had been paid $2,161.00 and confirmed that this payment satisfied his Claim for Wages. The Department proceeded to close the Claim for Wages as "settled." However, on November 27, 2023, the claimant filed a Complaint Inquiry, alleging he is owed additional wages in the amount of $2,032.00 for work performed in October and November 2023 (Exhibit 4).  The claimant stated the employer "…promised to pay

me [Justin Bacon, the claimant] last Friday for wages again earned from the week before and [R]ob [F]ettig [the employer's President] hasn't done so" (Id). Therefore, the Department re-opened the Wage Claim and began the investigation into these wages.

During an interview, the claimant stated, "They [Stark Energy, Inc., The employer] had this T-Sheets thing and that would go in and out in and out…so I [Justin Bacon, the claimant] just kept my time and wrote them out receipts on an invoice so I'd have a copy and he'd [Robert Fettig, the employer's President] have a copy…" The claimant also stated, "I was living in Glendive [Montana] and a friend told me to go for work for them…he [Robert Fettig, the employer's President] said every payday I'd get a $2.00 [per hour] raise…well that didn't happen…when I first started with them [Stark Energy, Inc., the employer], everything was going good…he owes money to banks…hiding equipment…it's a mess…" According to the claimant, he has never received a paystub from the employer, and he was previously paid via "Cash App[lication]."

In a wage claim, the claimant has the burden of proof.  There is no evidence which shows the claimant earned and/or was promised pay increases, each paycheck (Exhibits 12, 14, 15).  As such and for purposes of this determination, we find the claimant's rate of pay was $28.00 per hour.  The evidence demonstrates the claimant received 17 payroll advances, via "Cash App[lication]," during the time period of July 26, 2023 to November 24, 2023, totaling $5,515.58 (Exhibits 2, 3, 10, 13).

It is the employer's responsibility to keep accurate time records.  The evidence also demonstrates the claimant was "invited" to the employer's time keeping application on November 20, 2023, the last day he performed any work (Id). An employee is required to be paid for all hours of work performed.  If the claimant failed to adhere to the employer's time keeping policies, it is a personnel/disciplinary matter.  Therefore, the Department will rely on the claimant's time records, when the employer failed to maintain records, in making its determination.

North Dakota Century Code § 34-14-04.1 states: *Except for those amounts that are required under state or federal law to be withheld from employee compensation or where a court has ordered the employer to withhold compensation, an employer only may withhold from the compensation due employees:*

1. *Advances paid to employees, other than undocumented cash.*
2. *A recurring deduction authorized in writing.*
3. *A nonrecurring deduction authorized in writing, when the source of the deduction is cited specifically.*
4. *A nonrecurring deduction for damage, breakage, shortage, or negligence must be authorized by the employee at the time of the deduction.*

Pursuant to the applicable statute, we find the employer is authorized to deduct $5,515.58 from the claimant's wages.

North Dakota Administrative Code § 46-02-07.02(5) states: *A minimum thirty-minute meal period must be provided in each shift exceeding five hours when there are two or more employees on duty. Employees may waive their right to a meal period upon agreement with the employer. Employees do not have to be paid for meal periods if they are completely relieved of their duties and the meal period is ordinarily thirty minutes in length. The employee is not completely relieved if required*

*to perform any duties during the meal period. Collectively bargained agreements will prevail over this provision.*

The evidence shows the employer deducts thirty minutes from the claimant's hours worked, for a lunch break (Exhibits 12, 14, 15, 16). Pursuant to the applicable regulation, we find the employer is not authorized to deduct meal periods, from the claimant's wages, if there wasn't actually a full 30-minute break taken, despite the employer's "Notice" (Exhibit 16).  An employee is entitled to be paid for all hours worked.  If the claimant didn't take meal periods, despite the employer's direction, the issue is a personnel/disciplinary matter.

The claimant stated when he took lunch breaks, he would "clock out." The claimant also stated, his handwritten time records are the total hours worked, less any lunch break he took (Exhibits 3, 5, 6, 9).

Using the calculations found at North Dakota Administrative Code § 46-03-01-01(1), the Department conducted a review of the wages earned and received by the claimant, during the length of his employment ( Exhibits 3, 6, 8, 9, 12, 13, 14, 15).  A summary of that review is incorporated into this determination at Exhibit 17.

Considering the evidence as a whole, we find the claimant is entitled to $2,230.62 in unpaid wages, calculated as follows:

| | |
|---|---|
| $7,746.20 | Wages Earned |
| - $5,515.58 | Wages Paid |
| $2,230.62 | Remaining Wages Due |

Based upon the weight of all the evidence submitted and the applicable provisions in law, it is the determination of the North Dakota Department of Labor and Human Rights that the claimant is entitled to $2,230.62 in unpaid wages.

**PENALTY WAGES:**

North Dakota law provides that "[w]henever an employee is discharged or terminated from employment by an employer, separates from employment voluntarily, ...the employee's unpaid wages or compensation becomes due and payable at the regular paydays established in advance by the employer for the periods worked by the employee." N.D.C.C. § 34-14-03.  "If the employer fails to pay the wages within the stated time, the employee may charge and collect wages in the sum agreed upon in the contract of employment for each day the employer is in default until the employer has paid in full, without rendering any service therefor, except the employee shall cease to draw wages or salary thirty days after such default." Id.  "A contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or of a third person."  N.D.C.C. § 34-01-01.

For reasons discussed in detail above, the evidence demonstrates the employer owes the claimant a total of $2,230.62.  The evidence also demonstrates the unpaid wages were due in November 2023.

The Department finds the employer failed to pay the claimant his wages within the time provided in N.D.C.C. § 34-14-03.  The Department also finds the claimant's rate of pay was $224.00 per day ($28.00 per hour x 8 hours per day).  Therefore, considering the evidence as a whole, we find the claimant is entitled to $6,720.00 in penalty wages ($224.00 per day x 30 days), as provided in N.D.C.C. § 34-14-03, in addition to the unpaid wages set forth above.

**FINAL DETERMINATION:**

Under N.D.C.C. §§ 34-14-03 and 34-14-09, the Commissioner of Labor determines that the employer owes the claimant $2,230.62 in unpaid wages and $6,720.00 in penalty wages for a total amount due to the claimant of $8,950.62, and that such wages and penalty wages constitute an enforceable claim.

Morgan E.
Compliance Investigator