## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

**In re:**

**Stark Energy, Inc.**                                          **Bankr. No. 24-30168**

   **Debtor**                                   **Chapter 11**

---

### ACTING US TRUSTEE OBJECTION TO FIRST AMENDED
### SUBCHAPTER V PLAN

The Acting United States Trustee (UST) objects to the Stark Energy, Inc. First Amended Subchapter V Plan of Reorganization (Plan") (Doc. No. 176) In support of her objection, she states the following:

1.  The UST has standing to object under 28 U.S.C. § 586 and 11 U.S.C. § 307.

2.  Art. 3.4 is based on the professionals providing consent to be paid over a period. The Plan does not indicate whether the Subchapter V Trustee consents to a payment over time, wherein he is entitled to payment on the effective date under Section 1129(a)(9)(A).   Upon information and belief, the Subchapter V Trustee has been paid periodically pre-confirmation, and there are some outstanding fees that the trustee does not consent to being paid over time starting in May of 2025.

3.  Class 9 Treatment is at odds with Section 1129(a)(9)(B) because it is making payments over time.   Section 1129(a)(9)(B) states that deferred payments to claims allowed under Section 507(a)(4) (wage claims) are only permissible if the class votes to accept the Plan. If Class 9 does not accept the Plan and the Debtor does not successfully object to priority status, the Debtor must pay the claims on the effective date.

4.      Exhibit A Liquidation Analysis states that there are $0 accounts receivable.  The August 2024 MOR reports accounts receivable of $48,538.53.  Although, the change does not alter the analysis that there is no return to unsecured creditors.

5.      The UST is concerned about but not necessarily outright opposed to the feasibility of the Plan and/or the reasonable likelihood that the Debtor can make payments under the Plan at Sections 1129(11) or 1191(c)(3).

6.      At prior hearings, the Debtor repeatedly represented that it would hire accountants or other qualified bookkeepers to improve its financial reporting after admitting that its financials were inaccurate.  See, e.g. Dockets Nos. 14-15 (Small Business Operations/Cash Flow and Balance Sheet).   As of this date, no professionals have been hired by the estate, and there is reason to question the validity of the Debtor's projections based on the Debtor's historical lack of valid data.

7.      Gate City's objection to the original plan  (Doc. 164) that the Debtor has failed to file tax returns is also a valid objection.   Section 1129(a)(2) requires the Debtor to comply with the Bankruptcy Code.   Section 1106(a)(6) requires that a debtor-in-possession file outstanding tax information the returns for the delinquent years.   Section 1106 is applicable to a DIP through Section 1107(a) and a subchapter V DIP through Section 1184.  Section 1116(6) also requires a small business debtor to timely file tax returns, as applicable to subchapter V cases through Section 1187(b).   The last tax return provided to the United States Trustee was from 2020. Missing three years of tax returns is a major violation of Federal tax law obligations, and the Debtor's inability to submit the information is indicative of the Debtor's inability to produce reliable financial information to consider feasibility under the Plan.

8.      The Plan is toothless.   Most secured and unsecured creditor class payments will not commence until May of 2025.   Unsecured creditors are sharing approximately $40,000 in semi-annual payments for approximately $3.9 million of debt.   A 1% repayment over five years is meaningless.   With respect to the secured creditors, the Debtor is proposing to use the equipment through May of 2025 without any adequate protection.   If the secured creditors consent, this may be a non-issue; however, of concern is whether the Debtor meets Section 1129(b)(2)(A) (as per Section 1191(c)(1)), given the depreciation that will occur while the secured creditors are subject to the stay during that period.

9.      If the Debtor's projections are valid, the projections may be obtainable.   If the plan is confirmed as non-consensual, the Debtor appears to have committed all its disposable income to the plan under Section 1191(c)(2).   The larger question will be whether there is a reasonable likelihood that the Debtor can make the payments under Section 1191(c)(3).

10.      The Plan's projections may be summarized on one page as follows:

|  | 2024 9/24-12/24 | 2025 | 2026 | 2027 | 2028 | 2029 |
|---|---|---|---|---|---|---|
| Gross Rev | 210000 | 1020000 | 1122000 | 12342000 | 1357620 | 1493382 |
| Salary/Adm | 40000 | 189800 | 2285000 | 249542.60 | 271524 | 283742.58 |
| Dr wages | 54700 | 265200 | 291720 | 320892 | 352981.2 | 388279.32 |
| Fuel | 52500 | 255500 | 280500 | 308550 | 339405 | 373345.50 |
| Insurance | 15270.96 | 109500 | 120390.60 | 132429.66 | 137119.62 | 150831.58 |
| Maintenance | 23529.04 | 100000 | 104889.40 | 125785.74 | 160590.18 | 201183.02 |

| Debt Service | 19000 | 100000 | 93184 | 93184 | 93184 | 90660 |
|---|---|---|---|---|---|---|

11.     The Debtor's results on the monthly operating reports (MORs) are as follows:

| | Pt April May Doc. 89 | June Doc. 147 | July Doc. 165 | Aug Doc. 175 |
|---|---|---|---|---|
| Start Cash | 167.73 | 992.97 | 4041.94 | 1208.87 |
| Receipts | 2,957.89 | 18,223.27 | 15,235.53 | 13,004.02 |
| Disbursements | 1964.92 | 15174.30 | 18068.60 | 11899.81 |
| Net | 992.97 | 4041.94 | -2833.07 | 1104.21 |
| End Cash | 992.97 | 4041.94 | 1208.87 | 2313.08 |

11.     The 2024 projections project almost $70,000 per month.   The MORs have not generated near that amount through August of 2024.   However, the Debtor has reported increased receivables of $48,538.53 in August from customer Wolla.  The Debtor has not reported any employee wage payments beyond the July MOR listing some nominal payments to Rob and Delene Fettig.   If the Debtor can add an additional driving employee or so with its existing equipment and the Wolla receivables are on-going, the Debtor may be able to generate sufficient business to hit the $70,000 average for 2024 or the $85,000 in 2025.

12.     The UST agrees with the Debtor's overall analysis that there is likely no value in a conversion of this case.   Aside from little return to creditors, a trustee may face large costs in tracking and recovering equipment from across North Dakota.   Since unsecured creditors are not  likely to spend money objecting to a 1% payment plan, the secured creditors position over

4

whether they want the underlying collateral value now or are willing to wait should drive

whether the Debtor's Plan should be confirmed.

WHEREFORE, the UST requests that the Court grant her objections herein and such

other relief as appropriate.

Dated:  October 9, 2024                          MARY R. JENSEN
                                                 Acting U.S. Trustee Region 12


                                                 /s/ Sarah J. Wencil
                                                 Sarah J. Wencil
                                                 Trial Attorney
                                                 IA Atty # 14014
                                                 Office of the United States Trustee
                                                 U.S. Courthouse
                                                 300 South Fourth Street
                                                 Minneapolis, MN 55415
                                                 (612) 334-1350

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

**In re:**

**Stark Energy, Inc.**                                    **Bankr. No. 24-30168**

    **Debtor**                                **Chapter 11**

---

**UNSWORN CERTIFICATE OF SERVICE**

---

   The undersigned declares under penalty of perjury that on October 9, 2024, I caused to filed

electronically the following:  Objection, thereby generating service by CM/ECF.


 Executed on:  October 9, 2024

           <u>/s/ Sarah J. Wencil</u>
           Sarah J. Wencil
           Office of the United States Trustee