UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-30168 |
| Stark Energy, Inc., | ) | Chapter 11, Subchapter V |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S OBJECTION TO GATE CITY BANK'S MOTION TO CONVERT CASE TO CHAPTER 7 OR, ALTERNATIVELY, TO REMOVE DEBTOR IN POSSESSION**

Stark Energy, Inc. (the "Debtor") objects to the motion to convert the Debtor's case to Chapter 7 or, alternatively, to remove the Debtor as debtor-in-possession (the "Motion") filed by Gate City Bank (the "Bank").

The bankruptcy court has "broad discretion" to decide whether a bankruptcy case should be converted or dismissed. *In re Lumber Exch. Bldg. Ltd. P'ship*, 968 F.2d 647, 648 (8th Cir. 1992). This discretion allows the court to determine on a case-by-case basis whether or not to allow for dismissal or conversion. A bankruptcy court may dismiss or convert a Chapter 11 case if filled in bad faith or if there is bad faith during the bankruptcy. *In re Danials,* 362 B.R. 428, 432 (Barkr. S.D. Iowa 2007). The word "may" being used in this statement demonstrates discretion allowing for the court to look at other factors such as a reorganization plan and other conduct demonstrating good faith. "Thus, in determining 'cause' for dismissal the court may consider other factors as they arise and use its powers to reach appropriate results in individual cases." *In re Gonic Realty Tr.,* 909 F.2d 624, 626 (1st Cir. 1990).

1

As noted by the Bank, this Court found "cause" to grant relief from the automatic stay based on the Debtor's pre-petition conduct. The Debtor has accepted the Court's prior finding but respectfully asserts that it has shown good faith at all times during the course of this bankruptcy proceeding and, although it lost a significant portion of its equipment as a result of the relief from the automatic stay that was granted to the Bank, it has worked diligently to re-build its business. The Bank alleges that the Court's prior finding of "cause" to grant relief from the stay should also be the basis for "cause" for conversion or dismissal, but the case law makes clear that the bankruptcy court retains its discretion. Regardless of whether the Court's prior findings may form the basis for "cause", the bankruptcy court is allowed to deny conversion or dismissal even if there is cause for such action. *Loop Corp. v. U.S. Tr.*, 379 F.3d 511, 517 (8th Cir. 2004). It should be determined by the court what is in the best interest of the creditor and estate. 11 U.S.C. § 1112(b). *In re Windsor on the River Assocs., Ltd.*, 7 F.3d 127, 133 (8th Cir. 1993). Chapter 11 promotes the goals to "preserv[e] viable businesses and maximiz[e] the creditor's return." *In re Keeley & Grabanski Land P'ship*, 460 B.R. 520, 537 (Bankr. D.N.D. 2011) (citing 7 Collier on Bankruptcy ¶ 1112.04[5]).

Here, it cannot be disputed that Mr. Fettig, as the Debtor's sole shareholder and officer, is a hard worker and he has worked diligently to rebuild his company. As indicated in his declaration which is filed in contemporaneously with this response:

- The Western North Dakota oil business is now coming out of its winter slow period.

2

- Mr. Fettig, on behalf of the Debtor, has maintained the company's customer base and is working that customer base to produce revenue.

- The Debtor, if allowed to continue its business under a plan of reorganization, will have the means to propose and confirm an effective plan to repay its creditors.

- The Debtor's plan or reorganization will be more beneficial to the creditors than liquidation.

- The Debtor has retained an accountant to complete tax returns and, by the time of the hearing, it expects to have filed at least the first of those tax returns.

These factors demonstrate not only the Debtor's good faith during the course of this bankruptcy but also the ability to confirm a viable plan of reorganization. Under § 1112(b)(1), the ability to show likely rehabilitation is an important factor supporting the denial of a motion for conversion or dismissal. *In re Schriock Const., Inc.*, 167 B.R. 569, 575 (Bankr. D.N.D. 1994) (citing *In re First Levis Road Apartments, Inc.*, 11 B.R. 1006, 1018 (Bankr.E.D.Wis. 1990)).

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests entry of an order denying the Bank's motion and allowing the court to hear his plan of reorganization.

Ahlgren Law Office, PLLC

Dated: February 5, 2025         /e/Erik A. Ahlgren

3

                                            Attorney #09561
                                            220 West Washington Ave, Ste 105
                                            Fergus Falls, MN 56537
                                            Office: 218-998-2775
                                            Fax: 218-998-6404
                                            erik@ahlgrenlawoffice.net

                                            ATTORNEY FOR DEBTOR

4