IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30168 |
| | ) | (Chapter 11) |
| STARK ENERGY, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**FIRST AND FINAL APPLICATION OF THE
DAKOTA BANKRUPTCY FIRM FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
IN CONNECTION WITH REPRESENTATION OF STARK ENERGY, INC.**

Come now Maurice B. VerStandig and The Dakota Bankruptcy Firm (collectively, "DBF"), co-counsel for the above-captioned debtor (the "Debtor" or "Stark"), pursuant to Section 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for final allowance of compensation of $3,750.00 in attorneys' fees, and in support thereof state as follows:

**I.      Introduction**

For a little over two weeks in the summer of 2024, DBF stood in as counsel for the Debtor in this case, managing a financing hearing and a trifecta of Rule 2004 examinations. The work amounted to little more than a cameo appearance, with DBF endeavoring to aid the Debtor's estate during an unusually busy—and equally circumscribed—time period.

Given the discreet nature of the work undertaken, the fees to be charged for DBF's services are—contextually—minimal. Undersigned counsel agreed to discount his hourly rate for this case and, even without the reduction, there simply were not that many hours of compensable work undertaken in connection with this case by the firm. But some time was, no doubt, expended. And with this case having now come to a conclusion, it is thusly appropriate to formally petition for allowance of the fees incurred by DBF.

1

## II. Recitations Pursuant to Applicable Law

1. The services for which compensation is sought herein sought were performed between June 9, 2024 and June 28, 2024. Maurice VerStandig performed all billable work.

2. No interim applications for compensation were filed by DBF in this case.

3. Complete time records for attorney work are appended hereto as Exhibit A. Billing discretion was applied in not charging for certain miscellaneous tasks in the nature of administrative work, especially in connection with the docketing of documents primarily prepared by the client or by the client's general reorganization counsel.

4. No out-of-pocket expenses were incurred by DBF.

5. DBF is not holding a retainer and will pursue collection, from the Debtor, of any monies awarded hereunder.

6. There is no agreement for DBF to share compensation with any third party.

## III. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded—and compensation requested—for each such project category is as follows:

   a. Case Administration – 9.4 Hours – $2,820.00

   b. Fee and Employment Applications – 0.2 Hours - $60.00

   c. Financing – 2.9 Hours - $870.00

## IV. Hourly Rate

Time has been billed in this case at the rate of $300.00 per hour. This is a modestly discounted rate, with DBF often—albeit not always—charging $400.00 per hour to chapter 11 debtors in North Dakota. The firm's usual and customary rate is premised upon (i) the rate normally charged by DBF's principal to debtors in other districts (typically between $450.00 and

2

$600.00 per hour); (ii) the prevailing rates charged by other attorneys in this district (which, rather properly, tend to be lower than those assessed in other districts where DBF's principal frequently practices); (iii) the experience of DBF's principal; and (iv) a generalized economic observation of the rates that the North Dakota market seems most inclined to support.

### V.     Travel Time and Expenses

DBF does not seek compensation for time spent traveling to and from North Dakota, nor reimbursement for the expenses incurred in connection with such travel. As such, while there was an in-person hearing occasioned by this representation, the time records appended hereto are notably devoid of any time entries for travel and any expense entries for airfare/lodging/rental cars. (The subject hearing also fell on a day when undersigned counsel was otherwise due to be in Fargo and it would accordingly be disingenuous to feign any travel was actually undertaken solely for this case.)

To the extent compensable work was undertaken while traveling (i.e., preparing for a hearing while on an airplane), however, such is included in the services for which compensation is sought.

### VI.    Description of Services Rendered

The time records appended hereto as Exhibit A contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services are also well reflected on the docket of this case. By way of a generalized description, however, DBF notes that services included the following:

    a.     Representing the Debtor at a financing hearing, including argument of the motion in a contested environment and presentation of supporting evidence;

    b.     Defending the examination of the Debtor's principal; and

3

c.  Attending two other examinations, asserting appropriate objections and triaging an unusually large number of exhibits presented in connection with those examinations.

**VII. Conclusion**

WHEREFORE, Maurice Belmont VerStandig and The Dakota Bankruptcy Firm respectfully pray this Honorable Court finally approve and ratify fees in the sum of $3,750.00 and afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 6, 2025      By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice attached hereto as Exhibit B (but not of this application or the other exhibits) is being sent, on the 7th day of March, 2025, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit C, *except* no copy will be mailed to (i) this Honorable Court; or (ii) The Dakota Bankruptcy Firm.

/s/ Maurice B. VerStandig
Maurice B. VerStandig