United States Bankruptcy Court
District of North Dakota

| | |
|---|---|
| In re: | Case No. 24-30168-skh |
| Stark Energy, Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0868-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 07, 2025 | Form ID: pdf2some | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol       Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 09, 2025:**

**Recip ID           Recipient Name and Address**
db              + Stark Energy, Inc., 1860 4th Ave E, PO Box 748, Dickinson, ND 58602-0748

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 09, 2025          Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 6, 2025 at the address(es) listed below:

**Name**            **Email Address**

Caren W. Stanley
     on behalf of Creditor Gate City Bank cstanley@vogellaw.com
     jnona@vogellaw.com;sthompson@vogellaw.com;jschares@vogellaw.com

Drew J. Hushka
     on behalf of Creditor Gate City Bank dhushka@vogellaw.com
     jnona@vogellaw.com,sthompson@vogellaw.com,jschares@vogellaw.com

ERIK A. AHLGREN
     on behalf of Debtor Stark Energy Inc. erik@ahlgrenlawoffice.net,
     lisa@ahlgrenlaw.net;michael@ahlgrenlaw.net;eaa@trustesolutions.net

Eduardo Ortiz
     drdrtz@gmail.com

Eli J. Patten
     on behalf of Creditor Regions Bank epatten@crowleyfleck.com  sskaggs@crowleyfleck.com

| District/off: 0868-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 07, 2025 | Form ID: pdf2some | Total Noticed: 1 |

Evan Moscov
    on behalf of Creditor Ally Bank  c/o AIS Portfolio Services, LLC evan.moscov@moscovlaw.com, teresap@w-legal.com

Jennifer M Gooss
    on behalf of Creditor Matthew Barrett beulaw3@westriv.com

John William Baker
    on behalf of Creditor John W. Baker  Atty U.S. Small Business Administration john.baker@sba.gov

Kenneth D. Peters
    on behalf of Creditor Alliance Funding Group kpeters@dresslerpeters.com

Maurice VerStandig
    on behalf of Debtor Stark Energy  Inc. mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Michael Gust
    on behalf of Creditor Alliance Funding Group mlgfilings@andersonbottrell.com  jernst@abstlaw.net

Michael Joseph Klepperich
    on behalf of Creditor Regions Bank mklepperich@crowleyfleck.com  hjenkins@crowleyfleck.com

Robert B. Raschke
    USTPRegion12.SX.ECF@usdoj.gov

Sarah J. Wencil
    on behalf of U.S. Trustee Robert B. Raschke sarah.j.wencil@usdoj.gov

Thomas Kapusta
    tkapusta@aol.com

Thomas Francis Murtha, IV
    on behalf of Creditor Daniel Gerstberger murthalawoffice@gmail.com jen@murthalawoffice.com,frontdesk@murthalawoffice.com,17125@notices.nextchapterbk.com

TOTAL: 16

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:                                                                 Bankruptcy No. 24-30168
                                                                              Chapter 11 – Subchapter V
Stark Energy, Inc.,

                          Debtor.
_____/

**ORDER**

Gate City Bank filed a Motion to Convert Case to Chapter 7, or Alternatively, to Remove Debtor in Possession.  Doc. 208.  Debtor opposed the motion.  Doc. 212.

The Court held a hearing on March 6, 2025.  The Court received exhibits and testimony offered during this hearing.  It also received the exhibits and testimony considered during the July 24, 2024, hearing on Gate City Bank's Motion to Lift Automatic Stay.

Based on the evidence cited in support of the Court's ruling on July 25, 2024, the Court found and finds today that Debtor filed its bankruptcy petition in bad faith. Debtor's conduct through its owner and manager shows flagrant efforts to avoid complying with court orders and willful and deceitful efforts to evade Gate City Bank's efforts to recover collateral that serves as security for Debtor's debt to the bank.  For this reason and for the other reasons stated on the record at the March 6, 2025, hearing, the Court finds cause for dismissal, conversion to a Chapter 7 case or removing Debtor in Possession under section 1112.

Pursuant to section 1112(b), the Court shall convert, dismiss the case or appoint a trustee or examiner unless Debtor identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors.  Debtor did not

argue or offer evidence showing that unusual circumstances exist.  Even if it had offered such evidence, it failed to show a reasonable justification for the acts showing bad faith.  Further, the "weight of the case law supports the conclusion that 'bad faith' cannot be cured or justified such that the exception to dismissal under § 1112(b)(2) applies," to the Court's analysis under section 1112.  In re LTL Mgmt, LLC, 652 B.R. 433, 454 (D. N.J. 2023).

 Having concluded that Gate City Bank established cause under section 1112, the Court must decide whether to dismiss the bankruptcy case, convert the case to a case under Chapter 7 or remove Debtor in Possession.  As between dismissal, conversion or removal of Debtor in Possession, the United States Trustee and Debtor advocated for dismissal.  Although Gate City Bank did not request dismissal in its motion, it consented to dismissal at the hearing.  For the reasons stated on the record, the Court finds dismissal is in the best interest of creditors and the bankruptcy estate.

 IT IS ORDERED that Gate City Bank's Motion to Convert Case to Chapter 7, or Alternatively, to Remove Debtor in Possession [Doc. 208] is granted in part.  This bankruptcy case is dismissed.

 The Court retains jurisdiction to consider professional fee applications and other matters necessary and appropriate to finalize administration of the bankruptcy estate.  All professional fee applications must be filed within 14 days of this order.

 Dated: March 6, 2025.

*Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court